## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. as Trustees for The Margaret O.F. Proctor Trust, | CIVIL ACTION No. |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC. | |
| Defendants. | |

## COMPLAINT

Plaintiffs Charles Rice Kendall and Ann P. Hochberg, the Trustees of the Thomas E. Proctor Heirs Trust, and Bank of America, N.A., and John J. Slocum, Jr., the Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor Trusts"), for their Complaint against Defendants Anadarko E&P Onshore, LLC, Wallis Run Hunting Club, Inc., and Wallis Run Gas and Oil, Inc., aver the following:

### THE PARTIES

1.      The Thomas E. Proctor Heirs Trust ("PHT") is a trust held in benefit of the numerous heirs of Thomas E. Proctor, Sr. whose current trustees are Ann P. Hochberg and Charles R. Kendall.  Pursuant to the trust document, the trustees of

the trust have the authority to sue and be sued and prosecute and defend any and all actions affecting the trust or its property.

2.     Plaintiff Charles Rice Kendall, co-trustee of the PHT, is an adult individual domiciled in Maine.

3.     Plaintiff Ann P. Hochberg, co-trustee of the PHT, is an adult individual domiciled in Massachusetts.

4.     The Margaret O.F. Proctor Trust ("MPT") is a trust held for the benefit of the heirs of Margaret O.F. Proctor whose current trustees are John J. Slocum, Jr., and Bank of America, N.A.   Pursuant to the trust document, the trustees of the trust have control over the property or assets of the trust and the authority to sue and resolve any and all claims or demands affecting property of the trust.

5.     Plaintiff Bank of America, N.A., co-trustee of the MPT, is a national banking association with its main office located in Charlotte, North Carolina. Pursuant to 28 U.S.C. § 1348, Plaintiff Bank of America, N.A. is deemed to be a citizen of North Carolina.

6.     Plaintiff John J. Slocum, Jr., co-trustee of the MPT, is an adult individual domiciled in Rhode Island.

7.     Upon information and belief, Defendant Anadarko E&P Onshore LLC ("Anadarko") is a Delaware corporation with its principal place of business in Texas.

8.     Upon information and belief, Defendant Wallis Run Hunting Club, Inc. ("Wallis Run") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

9.     Upon information and belief, Defendant Wallis Run Gas and Oil, Inc. ("Wallis Run Gas") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between all Plaintiffs and all of Defendants.[1]

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the property that is the subject of the action is situated in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

---

[1] The citizenship of the trustees is utilized for diversity purposes where, as here, the action is brought in the names of the trustees and the trustees have the right to sue and be sued on behalf of the trust. *See, e.g., Navarro Savings Association v. Lee*, 446 U.S. 458, 464-66, 100 S.Ct. 1779, 1783-84 (1980); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201-02 (3d Cir. 2007). Even if the Court were to consider the citizenship of each of the beneficiaries, however, there remains federal jurisdiction, in that the beneficiaries are citizens (variously) of Alaska, Colorado, Illinois Maine, Massachusetts, New Hampshire, Maryland, New York, Rhode Island, South Dakota, Tennessee, and West Virginia.

## FACTUAL BACKGROUND

**A.    Chain of Title and Leasing History**

12.    The Proctor Trusts together own 100% of the subsurface rights to part of the John Brown Warrant as conveyed in the deed from John McCawley to John Meyer, located in Cascade Township, Lycoming County, Pennsylvania, consisting of approximately 206 net acres (the "Subject Property"), with PHT owning an undivided 93.75% interest and MPT owning an undivided 6.25% interest.

13.    Title to the petroleum and natural gas rights in and under the Subject Property is vested in the Proctor Trusts as follows:

a.    Title to the surface and subsurface of part of the John Brown Warrant which comprises the Subject Property was conveyed by John McCawley to John Meyer on March 30, 1857 and recorded on May 15, 1857 (the "Meyer Deed").  *See* Lycoming County Deed Book 38, Page 295.  The legal description of the Subject Property is as follows:  "Beginning at a Beech original north East corner of tract in the warrantee name of John Brown then South one hundred and ninety to Beech original South East corner of said tract then west one hundred and seventy three and one half perches to a post then north one hundred and ninety to a post, then east one hundred and seventy three and one half perches to the Beech the place of Beginning."

b.    On May 13, 1871, title to the surface and subsurface of the Subject Property was conveyed from John F. Meyer and his wife

Mary M. Meyer to Thomas E. Proctor.  *See* Lycoming County Deed Book 64, Page 413.

 c. Title to the surface of the property, including the Subject Property, was conveyed in the Warranty Deed from Thomas E. Proctor and wife Emma H. Proctor, to Elk Tanning Co. in 1894.  Said deed excepted and reserved to Thomas E. Proctor, his heirs and assigns "all the natural gas, coal, coal-oil, petroleum, marble and all minerals of every kind and character…" (the "Proctor Subsurface Estate"). *See* Lycoming County Deed Book 144, Page 398.

 d. Thomas E. Proctor, Sr. died testate and a resident of Boston, Massachusetts.  He was survived by his widow and four children.  Through the residuary clause of his will, Thomas E. Proctor, Sr., distributed all of his interest in, among other things, the Proctor Subsurface Estate, with ½ to his four children equally and ½ to his widow for life.  Following his wife's death, her share transferred to his four children equally.

 e. Three of the four children of Thomas E. Proctor, Sr., had children of their own.  The heirs of Thomas E. Proctor, Sr. descended from his children Anne Steele Proctor Rice and Emily Waters Proctor Mandell subsequently conveyed their fractional interest in the Proctor Subsurface Estate, including the Subject Property, to the PHT.

 f. Thomas E. Proctor, Sr.'s son, James H. Proctor, died in 1946, leaving his ¼ interest in equal shares to his four surviving

5

children.  Three of James H. Proctor's children or their heirs conveyed their fractional interests in the Proctor Subsurface Estate to the PHT. The fourth child, Thomas E. Proctor II, whose share was 1/16 (or 6.25%) of the original interest, had no issue and did not convey his fractional interest in the Proctor Subsurface Estate to PHT before his death in 1973.  Instead, Thomas E. Proctor II's interest passed to his widow, Margaret O.F. Proctor, whose 6.25% interest in turn was transferred into her testamentary trust, the MPT, upon her death in 1978 pursuant to the terms of her Will.

      g.     The fourth child of Thomas E. Proctor, Sr., Thomas E. Proctor, Jr., died testate and a resident of Topsfield, Massachusetts, on or about March 20, 1949, without issue.  Through the residuary clause of his will, his one-fourth (1/4) interest in the Proctor Subsurface Estate, including the Subject Property, owned by his father at the time of his death was transferred into a testamentary trust ("TEP Jr.").  In 2004, the Supreme Judicial Court of Massachusetts ruled that the TEP Jr. was to terminate, and all shares were to be distributed to heirs specified in a lower court decision, after the death of the great-granddaughter of Thomas E. Proctor Sr., Mattina R. Proctor.  After Mattina R. Proctor's death on February 20, 2005, the interest in the Proctor Subsurface Estate, including the Subject Property held by TEP Jr., was distributed to designated heirs in proportions specified by the Massachusetts Probate Court.  Each of the designated heirs who

received shares through termination of TEP Jr. subsequently conveyed and assigned all of their fractional interest in the Proctor Subsurface Estate, including the Subject Property, to the PHT by assignment.

14.    Accordingly, the PHT owns a 15/16 (93.75%) interest and the MPT owns a 1/16 (6.25%) interest in the Proctor Subsurface Estate, including the Subject Property.

**B.    Anadarko's Drilling Activity**

15.    The Wallis Run Defendants claim title to a portion of the Subject Property, and upon information and belief have entered into an oil and gas lease with Defendant Anadarko which includes, *inter alia,* a portion of the Subject Property (the "Wallis Run Lease").

16.    At no time prior to entering into the Wallis Run Lease did the Wallis Run Defendants seek to quiet title to the subsurface rights associated with the Subject Property.

17.    Defendant Anadarko did not notify or seek permission from the Proctor Trusts in connection with the Wallis Run Lease.

18.    At no time has Defendant Anadarko sought permission from the Proctor Trusts to produce the oil and gas associated with the Subject Property.

19.    Upon information and belief, Anadarko has begun drilling activities in and under the Subject Property.

20.    Upon information and belief, Anadarko has drilled wells on the Subject Property.

21.     Upon information and belief, Anadarko's activities have produced natural gas from portions of the wells running through the Subject Property.

22.     Upon information and belief, the market value of the gas that has been produced from the Subject Property is well in excess of $75,000.

23.     Had the Proctor Trusts been able to lease their oil and gas rights associated with the disputed portion of the Subject Property, the market rate lease bonus would have substantially exceeded $75,000.

24.     Any production of the oil and gas associated with the Subject Property has been conducted without the permission of the Proctor Trusts.

25.     Upon information and belief, the use and enjoyment of any production of the oil and gas associated with the Subject Property has been retained by Defendants.

26.     The Proctor Trusts have never received notice of drilling activity from Defendants nor received any compensation for the use and enjoyment of the production of their oil and gas rights associated with the Subject Property.

## COUNT I - QUIET TITLE
### (Against all Defendants)

27.     The Proctor Trusts hereby incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

28.     The Proctor Trusts seek to quiet title to the oil and gas rights of the Subject Property to remove any cloud on their title to the Subject Property that has been created by Defendants' actions.

29.     The Proctor Trusts hold title to the natural gas and oil contained in the Subject Property as set forth above.

30.     There is a cloud on the Proctor Trusts' title to the oil and gas rights in the Subject Property because such title is being challenged by Defendants' actions.

31.     Defendants have made claims to ownership or have tried to convey interests in the oil and gas associated with the Subject Property.

32.     The Proctor Trusts seek a determination that title to the oil and gas rights of the Subject Property is vested in them.

## COUNT II - TRESPASS
### (Against Anadarko)

33.     The Proctor Trusts incorporate by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

34.     The Proctor Trusts have the exclusive right to the possession, use, enjoyment and control of the Subject Property.

35.     As a result of Anadarko's unauthorized production of natural gas from the Subject Property, Anadarko has interfered with the Proctor Trusts' exclusive right to possession, use, enjoyment and control of the Subject Property.

36.     Anadarko's production of natural gas from the Subject Property is intentional.

37.     As a result of Anadarko's unauthorized production of natural gas from the Subject Property, Anadarko has caused damage to the Proctor Trusts.

38.     As a result of Anadarko's actions, the Proctor Trusts have lost their ability to fully appreciate the benefits of the natural gas in and under the Subject Property.

39.     The Proctor Trusts have suffered damages as a result of the unauthorized production of natural gas from the Subject Property in an amount to be determined at trial.

## COUNT III - CONVERSION
### (Against all Defendants)

40.     The Proctor Trusts incorporate by reference the foregoing paragraphs as though fully set forth herein.

41.     Anadarko has intentionally deprived the Proctor Trusts of their right to the natural gas underlying the Subject Property through the production and sale of gas from the Subject Property.

42.     Anadarko has produced or obtained natural gas from the Subject Property without the Proctor Trusts' consent and without lawful justification.

43.     The Proctor Trusts have suffered damages as a result of the unauthorized production and sale of natural gas from the Subject Property in an amount to be determined at trial.

## COUNT IV - EJECTMENT
### (Against Anadarko)

44.     The Proctor Trusts incorporate by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

45.     The Proctor Trusts are the owners of the oil and gas underlying the Subject Property.

46.     Anadarko has exerted control over the oil and gas underlying the Subject Property through the construction of gas wells and the continued production of gas from the Subject Property.

47.     Anadarko does not have any right, title, or interest in the oil and gas underlying the Subject Property.

## COUNT VI - UNJUST ENRICHMENT
### (Against all Defendants)

48.     The Proctor Trusts incorporate by reference the foregoing paragraphs as though fully set forth herein.

49.     Defendants have been unjustly enriched as a result of benefits appropriated from the Proctor Trusts.

50.     Anadarko has wrongly extracted natural gas from the Subject Property owned by the Proctor Trusts and earned profit from that gas.

51.     The Wallis Run Defendants have received benefits or compensation from Anadarko in connection with Anadarko's extraction of natural gas from the Subject Property.

52.     Defendants have appreciated and been enriched by such benefits that rightfully belong to the Proctor Trusts.

53.     The retention of such benefits by Defendants is inequitable and unjust and has substantially damaged the Proctor Trusts.

11

## COUNT VII – DECLARATORY JUDGMENT
### (Against all Defendants)

54.     The Proctor Trusts incorporate by reference the foregoing paragraphs as though fully set forth herein.

55.     A dispute exists between the Proctor Trusts and Defendants as to the ownership of the Subject Property.

56.     The Proctor Trusts claim title to the subsurface estate of the Subject Property.

57.     Upon information and belief, Defendants claim title or an interest in the subsurface estate of the Subject Property.

58.     An actual controversy exists among the parties as to the ownership of the subsurface estate of the Subject Property.

59.     The Proctor Trusts seek a declaration that they own the subsurface estate associated with the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE, the Proctor Trusts demand judgment in their favor and against Defendants as follows:

(i)     That the Court enter an order declaring that the Proctor Trusts are the rightful owners of the oil and natural gas estate associated with the Subject Property;

(ii)     That the Court enter judgment against Defendants and in favor of the Proctor Trusts for all compensatory and punitive damages incurred as a result of the Defendants' actions, including, without limitation, the total amount of all

12

benefits which have accrued to Defendants and/or which inured in any manner to them as a result of the production of gas from the Subject Property;

(iii)    That the Court enter an order ejecting Anadarko from the Subject Property;

(iv)    That the Court enter judgment against Defendants for prejudgment interest and costs; and

(v)    That the Court grant such other relief as it shall deem just and equitable under the circumstances.

Plaintiffs demand a jury trial on all claims so triable.

Dated:  June 17, 2016

Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
    Pa. ID No. 310733
Paul K. Stockman (*pro hac vice to be filed*)
    Pa. ID No. 66951
McGuireWoods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA  15222
Telephone:  (412) 667-6000
Fax:  (412) 667-6050
llange@mcguirewoods.com
pstockman@mcguirewoods.com

13