610871v2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A, and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,<br>       Plaintiffs,<br><br>v.<br><br>ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.<br>       Defendants. | CASE NO. 3:16-CV-01182-MEM<br><br>(JUDGE MALACHY E. MANNION)<br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed |

**DEFENDANTS WALLIS RUN HUNTING CLUB, INC.'S AND WALLIS RUN GAS AND OIL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants, Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc. (hereinafter collectively "Wallis Run"), by and through their attorneys, McNerney, Page, Vanderlin & Hall, file this Answer and raise affirmative defenses and counterclaims in response to the Complaint filed by the Plaintiffs as follows:

**THE PARTIES**

1.   Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 1 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

2. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 2 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

3. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 3 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

4. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 4 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

5. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 5 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

6. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 6 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

7. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 7 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Denied. Answering Defendants are without information or knowledge sufficient to form a belief as to whether all Plaintiffs and all Defendants are diverse. Therefore, those allegations are specifically denied. Additionally, Answering Defendants are without information or knowledge sufficient to form a belief as to whether the amount in controversy exceeds $75,000.00 exclusive of costs and interest. Therefore, those allegations are specifically denied.

11. Admitted.

## FACTUAL BACKGROUND

**A. Chain of Title and Leasing History**

12. Denied. It is specifically denied that the Proctor Trusts together own 100% of the subsurface rights to part of the John Brown warrant as conveyed in the deed from John McCawley to John Meyer (hereinafter the "Meyer Deed"), located in Cascade Township, Lycoming County, Pennsylvania, consisting of approximately 206 net acres. By way of further answer, the New Matter below is incorporated by reference. Plaintiffs wrongfully claim title to subsurface rights due to a scrivener's error which occurred more than one hundred fifty-nine (159) years ago. Specifically, the Meyer Deed intended to convey, and did convey, one hundred (100) acres, but erroneously described, in metes and bounds, the surface as containing two hundred six (206) acres. For more than one hundred fifty-nine (159) years, Plaintiffs and their predecessors in title have correctly and consistently

referenced the Plaintiffs' parcel as containing one hundred (100) acres. As such, the term "Subject Property," which Plaintiffs use throughout the Complaint, is both misleading and inaccurate and is specifically denied as a mischaracterization.

13. Denied. It is specifically denied that title to two hundred six (206) acres were conveyed as described in the subparts of Paragraph 13.

    a. Admitted in part and denied in part. It is admitted that a deed in conformity with the description contained in Paragraph 13(a) was recorded in Lycoming County. It is specifically denied that the legal description contained in Paragraph 13(a) is correct. It is specifically denied that the "Subject Property" was conveyed in the deed. By way of further answer, the Meyer Deed intended to convey, and did convey, no more than one hundred (100) acres.

    b. Admitted in part and denied in part. Admitted that a deed was recorded at the book and page contained in Paragraph 13(b). It is specifically denied that the "Subject Property" was conveyed in the deed. By way of further answer, no more than one hundred (100) acres were conveyed in the deed described in Paragraph 13(b).

    c. Admitted in part and denied in part. Admitted that a deed was recorded at the book and page contained in Paragraph 13(c). It is specifically denied that the "Subject Property" was conveyed in the deed. By way of further answer, no more than one hundred (100) acres were conveyed in the deed described in Paragraph 13(c).

  d. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 13(d) of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

  e. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 13(e) of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

  f. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 13(f) of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

  g. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 13(g) of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

  14. Denied. It is specifically denied that the Thomas E. Proctor Heirs Trust owns a 15/16 (93.75%) interest and the Margaret O.F. Proctor Trust owns a 1/16 (6.25%) interest in the Proctor Subsurface Estate, including the "Subject Property." By way of further answer, it is specifically denied that what the Plaintiffs describe as the "Subject Property" was ever conveyed to the Plaintiffs.

By way of further answer, no more than one hundred (100) acres were conveyed in the deeds described in Paragraph 13 and its subparts.

**B.    Anadarko's Drilling Activity**

15.    Denied. Answering Defendants own the surface and subsurface rights to the parcel to which the Plaintiffs now claim title. By way of further answer, the Plaintiffs claim title to a portion of Answering Defendants' parcel based on a mistake in a deed recorded more than one hundred fifty-nine (159) years ago. Since that time, the parcel in question has been treated, by Plaintiffs and their predecessors in title, as containing one hundred (100) acres, not the two hundred six (206) acres Plaintiffs now seek.

16.    Admitted. By way of further answer, Answering Defendants did not seek to quiet title prior to this action as no title issue has ever been raised.

17.    Admitted. By way of further answer, Answering Defendants need not seek the permission or approval to conduct any activity on the Wallis Run property from parties which have no interest in Answering Defendants' property.

18.    Admitted. By way of further answer, Answering Defendants need not seek the permission or approval to conduct any activity on Wallis Run property from parties which have no interest in Answering Defendants' property.

19.    Admitted in part and denied in part. It is admitted that Anadarko E&P Onshore LLC (hereinafter "Anadarko") has begun drilling activities on

and under Wallis Run property. It is specifically denied that any such drilling activity has occurred on what Plaintiffs describe as the "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, no more than one hundred (100) acres were conveyed in the deeds described in Paragraph 13.

20. Admitted in part and denied in part. It is admitted that Anadarko has drilled wells on Wallis Run property. It is specifically denied that drilling has occurred on the "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, approximately one hundred (100) acres were conveyed in the deeds described in Paragraph 13.

21. Admitted in part and denied in part. It is admitted that natural gas has been produced on Wallis Run property. It is specifically denied that drilling has occurred on the "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, approximately one hundred (100) acres were conveyed in the deeds described in Paragraph 13.

22. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 22 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

23. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 23 of Plaintiffs' Complaint. Therefore, those allegations are specifically denied.

24. Admitted in part and denied in part. It is admitted that the permission of the Plaintiffs was not sought as it was not necessary. It is specifically denied that drilling has occurred on the so-called "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, approximately one hundred (100) acres were conveyed in the deeds described in Paragraph 13.

25. Admitted in part and denied in part. It is admitted that Wallis Run has retained any and all benefits of oil and gas production from property owned by Wallis Run. It is specifically denied that drilling has occurred on the so-called "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, only approximately one hundred (100) acres were conveyed in the deeds described in Paragraph 13, and therefore, Plaintiffs have no claim to any parcel owned by the Defendants.

26. Admitted in part and denied in part. It is admitted that the Plaintiffs were never notified of, nor did they receive any compensation for the use and enjoyment of oil and gas production on Wallis Run Property as Plaintiffs are not entitled to same. It is specifically denied that drilling has occurred on the so-

called "Subject Property," which is misleadingly and inaccurately defined by the Plaintiffs as containing two hundred six (206) acres. By way of further answer, approximately one hundred (100) acres were conveyed in the deeds described in Paragraph 13.

### COUNT I – QUIET TITLE
### (Against all Defendants)

27. Defendants' responses to paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. Denied. It is specifically denied that Plaintiffs are entitled to quiet title or that any actions on the part of Answering Defendants has created a cloud on Plaintiffs' title to any property. By way of further answer, Plaintiffs have no legitimate interest in any subsurface rights owned by Answering Defendants.

29. Denied. It is denied that Plaintiffs hold title to the natural gas and oil contained in the so-called "Subject Property." By way of further answer, upon information and belief, Plaintiffs hold title to subsurface rights of approximately one hundred (100) acres to the east of Answering Defendants' property.

30. Denied. It is specifically denied that Plaintiffs are entitled to any portion of subsurface rights currently owned and enjoyed by Answering Defendants.

31. Admitted. Answering Defendants own subsurface rights in which Plaintiffs now assert title.

32. Denied. It is specifically denied that Plaintiffs hold any interest in the subsurface rights of Wallis Run.

## COUNT II – TRESPASS
### (Against Anadarko)

33. Defendants' responses to paragraphs 1-32 are incorporated by reference as if fully set forth herein.

34. Denied. The averments of Paragraph 34 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that the Plaintiffs have the exclusive right to the possession, use, enjoyment and control of what Plaintiffs describe as the "Subject Property."

35-39. The averments in Paragraphs 35 through 39 of Plaintiffs' Complaint are not directed toward Answering Defendants and therefore no response is required.

## COUNT III – CONVERSION
### (Against all Defendants)

40. Defendants' responses to paragraphs 1-39 are incorporated by reference as if fully set forth herein.

41. The averments of Paragraph 41 of Plaintiffs' Complaint are not directed to Answering Defendants and therefore no response is required.

42. The averments of Paragraph 42 of Plaintiffs' Complaint are not directed to Answering Defendants and therefore no response is required.

43. Denied. The averments of Paragraph 43 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that the Proctor Trusts have suffered any damages as a result of any alleged unauthorized production and sale of natural gas from what Plaintiffs describe as the "Subject Property."

### COUNT IV – EJECTMENT
### (Against Anadarko)

44. Defendants' responses to paragraphs 1-43 are incorporated by reference as if fully set forth herein.

45. Denied. The averments of Paragraph 45 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that the Plaintiffs are the owners of the oil and gas underlying what the Plaintiffs describe as the "Subject Property."

46–47. The averments of Paragraphs 46 and 47 are not directed to Answering Defendants and therefore no response is required.

### COUNT VI – UNJUST ENRICHMENT
### (Against all Defendants)

48. Defendants' responses to paragraphs 1-47 are incorporated by reference as if fully set forth herein.

49. Denied. The averments of Paragraph 49 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that Defendants have been unjustly enriched as a result of benefits appropriated from the Plaintiffs.

50. The averments of Paragraph 50 are not directed to Answering Defendants and therefore no response is required.

51. Admitted in part and denied in part. It is admitted that Answering Defendants have received benefits and compensation from Anadarko in connection with Anadarko's extraction of natural gas from Answering Defendants' property. It is specifically denied that Answering Defendants have received benefits or compensation from Anadarko in connection with the extraction of natural gas from the so-called "Subject Property" which is misleadingly and inaccurately described as containing two hundred six acres (206) by Plaintiffs.

52. The averments of Paragraph 52 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that Defendants have appreciated and been enriched by such benefits that rightfully belong to the Plaintiffs.

53. The averments of Paragraph 53 represent legal conclusions to which no response is required. To the extent a response is deemed necessary, it is specifically denied that the retention of such benefits by Defendants is inequitable and unjust and has substantially damaged the Plaintiffs.

**COUNT VII – DECLARATORY JUDGMENT**
**(Against all Defendants)**

54. Defendants' responses to paragraphs 1-53 are incorporated by reference as if fully set forth herein.

610871v2

55. Admitted.

56. Admitted in part and denied in part. It is admitted that the Plaintiffs now claim title to the subsurface estate of what the Plaintiffs describe as the "Subject Property." It is specifically denied that the Plaintiffs hold title to any portion of the subsurface rights held by Answering Defendants.

57. Admitted in part and denied in part. It is admitted that Answering Defendants own a portion of what Plaintiffs describe as the "Subject Property." It is specifically denied that the Plaintiffs hold title to any portion of the subsurface rights held by Answering Defendants.

58. Denied. It is specifically denied that an actual controversy exists as among the parties to ownership of the subsurface estate of what the Plaintiffs describe as the "Subject Property."

59. Denied. It is specifically denied that the Plaintiffs hold title to any portion of the subsurface rights held by Answering Defendants.

## AFFIRMATIVE DEFENSES

60. Plaintiffs' claims are barred in part or in whole by the doctrine of estoppel.

61. Plaintiffs' claims are barred in part or in whole by the doctrine of laches.

62. Plaintiffs' claims are barred in part or in whole by the doctrine of release.

63. Plaintiffs' claims are barred in part or in whole by the applicable statute of limitations.

64. Plaintiffs' claims are barred in part or in whole by the doctrine of waiver.

## COUNTERCLAIM

### FACTUAL BACKGROUND

65. Paragraphs 1-64 of Defendants' Answer and Affirmative Defenses are incorporated by reference as if fully set forth herein.

66. The dispute between the Plaintiffs and Wallis Run stems entirely from two 1857 deeds executed on the same day and recorded days apart in Lycoming County, Pennsylvania.

**A.  The John Brown Warrant and its Division**

67. All the surface and subsurface estates in question were once part of a larger tract known as the John Brown Warrant.

68. The John Brown Warrant totaled approximately four hundred nineteen and one-half (419.5) acres.

69. In 1857, the John Brown Warrant was divided into three (3) parcels: a western parcel containing approximately one hundred seven and one-half (107.5) acres, a central parcel containing approximately two hundred twelve acres (212) (hereinafter "Defendants' parcel"), and an eastern parcel containing approximately one hundred (100) acres (hereinafter "Plaintiffs' parcel").

70. The eastern parcel was sold to John Meyer on March 30, 1857. The deed was recorded May 15, 1857.

71. The central parcel was sold to Conrad W. Whitaker on March 30, 1857. The deed was recorded May 20, 1857.

**B.  The Scrivener's Error**

72. The March 30, 1857 deeds referenced above contained errors in the legal descriptions: they described more acreage than was intended to be conveyed, and indeed more acreage than could have been transferred.

73. Despite clearly indicating that the grantors intended to convey a parcel "containing one hundred acres" the eastern deed describes an area totaling two hundred six (206) acres.[1]

74. Similarly, the central deed describes an area totaling four hundred twelve (412) acres,[2] but the grantors intended to convey two hundred twelve (212) acres.

75. Despite the historical treatment of the respective parcels, and what is clearly a scrivener's error in both deeds, Plaintiffs now claim that the eastern deed conveyed 206 acres.

**C.  Historical Treatment Since the Scrivener's Error**

---

[1] The Plaintiffs' parcel is described as one hundred ninety (190) by one hundred seventy-three and one-half perches (173.5). A perch is equal to 16.5 feet. There are 43,560 square feet in one acre. Thus, (190*16.5*173.5*16.5)/43,560 = 206.
[2] The Defendants' parcel is described as three hundred forty-seven (347) perches by one hundred and ninety perches (190). A perch is equal to 16.5 feet. There are 43,560 square feet in one acre. Thus, (190*16.5*347*16.5)/43,560 = 412.

76. Since 1857, the Plaintiffs' parcel has been treated as containing one hundred (100) acres, and the Defendants' parcel has been treated as containing two hundred twelve (212) acres.

77. Title to the subsurface estate of the eastern parcel of the John Brown Warrant eventually was conveyed to the Plaintiffs.

78. Title to the subsurface and the surface of the central parcel of the John Brown Warrant eventually was conveyed to the Answering Defendants.

79. Treating the Defendants' parcel as containing four hundred twelve (412) and the Plaintiffs' parcel as containing two hundred six (206) leads to absurd results. The total *incorrect* acreage of those parcels is six hundred eighteen (618): more than the entire acreage contained in the John Brown Warrant from which both parcels were subdivided.

80. In the interest of clearing any cloud on title and securing the subsurface rights rightfully belong to them, the Defendants now bring this Counterclaim sounding in declaratory judgment and quiet title.

## COUNT I – DECLARATORY JUDGMENT

81. Paragraphs 1-80 of Defendants' Answer, Affirmative Defenses, and Counterclaim are incorporated herein by reference.

82. The 1857 deeds contain inaccurate legal descriptions which are scrivener's errors.

83. The intent of the parties at the time was to convey two hundred twelve (212) acres in the case of the Defendants' parcel, and one hundred (100) acres in the case of the Plaintiffs' parcel.

84. The properties have been treated as containing two hundred twelve (212) acres and one hundred (100) acres, respectively, since 1857.

85. Defendants seek declaratory judgment that the Defendants' parcel contains two hundred twelve (212) acres and declaratory judgment that the Plaintiffs' parcel contains one hundred (100) acres.

## COUNT II – QUIET TITLE

86. Paragraphs 1-85 of Defendants' Answer, Affirmative Defenses, and Counterclaim are incorporated herein by reference.

87. The 1857 deeds for the Defendants' and Plaintiffs' parcels contain inaccurate legal descriptions which are scrivener's errors.

88. The intent of the parties at the time was to convey two hundred twelve (212) acres in the case of the Defendants' parcel, and one hundred (100) acres in the case of the Plaintiffs' parcel.

89. The properties have been treated as containing two hundred twelve (212) acres and one hundred (100) acres, respectively, since 1857.

90. The latent defects in the respective deeds, namely, the scrivener's errors which have led to this lawsuit, must be corrected because they create a cloud on the title of all respective parties.

# RELIEF REQUESTED

WHEREFORE, Answering Defendants, Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc., respectfully request entry of judgment in their favor on the Defendants' Counterclaim, dismissal of the Plaintiffs' Complaint with prejudice, reimbursement of their attorneys' fees and costs, and such other and further relief as this Court deems just, equitable and proper.

> Respectfully submitted,
>
> McNERNEY, PAGE, VANDERLIN & HALL
>
> By: /s/ Thomas C. Marshall
>   Thomas C. Marshall, Esquire
>   I.D. No. 59326
>   Thomas E. Robins, Esquire
>   I.D. No. 318680
>   Attorneys for Defendants Wallis Run
>   Hunting Club, Inc. and Wallis Run
>   Gas and Oil, Inc.
>
> 433 Market Street
> Williamsport, PA 17701
> Telephone: 570-326-6555
> Facsimile: 570-326-3170
> Email: tmarshall@mpvhlaw.com
>   trobins@mpvhlaw.com

Dated: August 29, 2016

610871v2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG**, as Trustees for The Thomas E. Proctor Heirs Trust, and **BANK OF AMERICA, N.A**, and **JOHN J. SLOCUM, JR.** As Trustees for The Margaret O.F. Proctor Trust,<br>       Plaintiffs,<br><br>vs.<br><br>**ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.**<br>       Defendants. | : CASE NO. 3:16-CV-01182<br>:<br>: (JUDGE<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: Electronically Filed<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Thomas C. Marshall, Esquire, hereby certify that on the 29th day of August, 2016, I caused a true and correct copy of the foregoing Defendants, Wallis Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.'s Answer to Plaintiffs' Complaint with Affirmative Defenses to be served via the Court's Electronic Case Filing system upon the following:

Laura A. Lange, Esquire
Paul K. Stockman, Esquire
McGuire Woods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA  15222
Attorneys for Plaintiffs

McNERNEY,  PAGE, VANDERLIN & HALL

610871v2

By:   /s/ Thomas C. Marshall
       Thomas C. Marshall, Esquire
       I.D. No. 59326
       Thomas E. Robins, Esquire
       I.D. No. 318680
       Attorneys for Defendants Wallis Run
       Hunting Club, Inc. and Wallis Run
       Gas and Oil, Inc.

433 Market Street
Williamsport, PA  17701
Telephone:   570-326-6555
Facsimile:   570-326-3170
Email: tmarshall@mpvhlaw.com
       trobins@mpvhlaw.com