# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. as Trustees for The Margaret O.F. Proctor Trust,<br><br>Plaintiffs,<br><br>v.<br><br>ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.<br><br>Defendants. | Civil Action No. 16-1182 |

## ANSWER TO DEFENDANTS WALLIS RUN HUNTING CLUB, INC.'S AND WALLIS RUN GAS AND OIL, INC.'S COUNTERCLAIM

Plaintiffs Charles Rice Kendall and Ann P. Hochberg, the Trustees of the Thomas E. Proctor Heirs Trust, and Bank of America, N.A., and John J. Slocum, Jr., the Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor Trusts"), for their Answer to the Counterclaim filed by Defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc. Counterclaim (collectively, "Wallis Run"), state as follows:

### ANSWER to COUNTERCLAIM

#### Factual Background

65. The Proctor Trusts hereby incorporate the allegations set forth in their Complaint as though set forth at length herein.

66. The allegations in this Paragraph constitute Wallis Run's characterizations of its own pleading, to which no response is required. To the extent a response is required, the allegations are denied.

**A. The John Brown Warrant and its Division**

67. Admitted.

68. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the allegations are therefore denied.

69. Denied.

70. Denied as stated. Admitted only that title to the surface and subsurface of part of the John Brown Warrant was conveyed to John Meyer on March 30, 1857 and recorded on May 15, 1857. Because the March 30, 1857 deed to John Meyer is a written document that speaks for itself, the remaining allegations of this Paragraph are denied as stated.

71. Denied as stated. Admitted only that title to the surface and subsurface of part of the John Brown Warrant was conveyed to Conrad W. Whitaker on March 30, 1857 and recorded on May 20, 1857. Because the March 30, 1857 deed to Conrad W. Whitaker is a written document that speaks for itself, the remaining allegations of this Paragraph are denied as stated.

**B. The Alleged "Scrivener's Error"**

72. Denied.

73. The allegations in this Paragraph constitute characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts

deny as stated any allegations that are inconsistent with the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document. By way of further response, the Proctor Trusts generally admit that the March 30, 1857 deed to John Meyer describes an area totaling approximately 206 acres, a description that controls over any inconsistent statement characterizing the acreage of the tract so described. The Proctor Trusts deny that the grantors executing the March 30, 1857 deed to John Meyer actually intended to convey a parcel containing 100 acres. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and the allegations are therefore denied.

74. The allegations in this Paragraph constitute characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document. By way of further response, the Proctor Trusts generally admit that the March 30, 1857 to Conrad W. Whitaker deed describes an area totaling approximately 412 acres, a description that controls over any inconsistent statement characterizing the acreage of the tract so described. The Proctor Trusts deny that the grantors executing the March 30, 1857 deed to Conrad W. Whitaker actually intended to convey a parcel containing 212 acres. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and the allegations are therefore denied.

75. Admitted only that title to the surface and subsurface of 206 acres of the John Brown Warrant was conveyed to John Meyer on March 30, 1857 and recorded on May 15, 1857. The Proctor Trusts deny that the legal description in the deed to John Meyer was the result of a scrivener's error. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**C. Historical Treatment Since the Alleged "Scrivener's Error"**

76. Denied.

77. Admitted only that the Proctor Trusts together own 100% of the subsurface rights to a 206-acre portion of the John Brown Warrant as conveyed in the deed from John McCawley to John Mayer. The Proctor Trusts deny that the deed only conveyed 100 acres.

78. Admitted only the surface and subsurface rights of part of the John Brown Warrant was conveyed to Wallis Run. The Proctor Trusts deny that the so-called "central portion" of the John Brown Warrant deed to Wallis Run conveyed 212 acres.

79. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

80. The allegations of this paragraph are Wallis Run's characterization of its own pleading, to which no response is required. To the extent deemed necessary, the Proctor Trusts are without knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph and the allegations are therefore denied.

## Answering Count I – Declaratory Judgment

81. The Proctor Trusts incorporate by reference their allegations and responses in paragraphs 1-80 as though fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. The allegations in this Paragraph constitute Wallis Run's characterizations of its own pleading, to which no response is required. To the extent a response is required, the allegations are denied.

## Answering Count II – Quiet Title

86. The Proctor Trusts incorporate by reference their allegations and responses in paragraphs 1-85 as though fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The Proctor Trusts specifically deny that the legal description in the deed to John Meyer was the result of a scrivener's error.

WHEREFORE, the Proctor Trusts respectfully request that Wallis Run's Counterclaim be dismissed with prejudice and that judgment be entered in favor of

the Proctor Trusts and against Wallis Run, and that the Proctor Trusts be awarded all costs, and that the Court grant such further relief as the Court may deem necessary and proper.

Dated: September 19, 2016	Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
   Pa. ID No. 310733
Paul K. Stockman
   (application for general admission to be filed)
   Pa. ID No. 66951
McGuireWoods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Fax: (412) 667-6050
llange@mcguirewoods.com
pstockman@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF Notification System, this 19th day of September, 2016.

                                                /s/ Laura A. Lange