IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE KENDALL and | : | |
| ANN P. HOCHBERG, as Trustees for | : | Civil Action No. 3:16-cv-01182-MEM |
| The Thomas E. Proctor Heirs Trust, | : | |
| and BANK OF AMERICA, N.A., and | : | Judge Malachy E. Mannion |
| JOHN J. SLOCUM, JR., as Trustees | : | |
| for The Margaret O.F. Proctor Trust, | : | Complaint filed: 06/17/16 |
| Plaintiffs, | : | |
| vs. | : | *Electronically Filed* |
| ANADARKO E&P ONSHORE LLC, | : | |
| WALLIS RUN HUNTING CLUB, | : | |
| INC., and WALLIS RUN GAS and | : | |
| OIL, INC., | : | |
| Defendants. | : | |

## ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS OF DEFENDANT ANADARKO E&P ONSHORE LLC TO PLAINTIFFS' COMPLAINT

Defendant Anadarko E&P Onshore LLC ("Anadarko"), by and through its undersigned counsel, hereby files its Answer to Plaintiffs' Complaint.

## PARTIES

1.     After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1. The same are therefore denied and strict proof thereof demanded.

2.     After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the

averments in Paragraph 2. The same are therefore denied and strict proof thereof demanded.

3.      After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3. The same are therefore denied and strict proof thereof demanded.

4.      After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4. The same are therefore denied and strict proof thereof demanded.

5.      After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5. The same are therefore denied and strict proof thereof demanded.

6.      After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6. The same are therefore denied and strict proof thereof demanded.

7.      Denied as stated.  Anadarko is a Delaware limited liability company with a principal place of business in The Woodlands, Texas.

8.    Admitted, upon information and belief.

9.    Admitted, upon information and belief.

## JURISDICTION AND VENUE

10.    Admitted in part and denied in part.  Defendant Anadarko admits only that Plaintiffs allege damages in excess of $75,000, exclusive of interest and costs. It is denied that Plaintiffs are entitled to any damages from Defendant Anadarko. After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments in Paragraph 10. The same are therefore denied and strict proof thereof demanded.

11.    Admitted in part and denied in part.  Defendant Anadarko admits that venue is proper in the United States District Court for the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

### A.    Chain of Title and Leasing History

12.    Defendant Anadarko is advised and therefore believes that Paragraph 12 pleads a conclusion of law or is otherwise a statement of Plaintiffs' legal position to which no response is required. To the extent any response is required, it is denied the Plaintiffs collectively own subsurface interests in the property which is identified as "Tract 1" in the Oil and Gas Lease dated August 7, 2007 between

Wallis Run Hunting Club, Inc. and Chesapeake Appalachia, L.L.C., ("Subject Lease") which Lease was recorded in the Lycoming County Recorder of Deeds Office as Instrument Number 200700014293 at Deed Book 6128 pages 336 through 339 on September 10, 2007 ("The Leased Property").[1] By way of further response, it is denied that the Plaintiffs acquired any legally enforceable interest, subsurface or otherwise, in the Leased Property, by virtue of the McCawley to Meyer Deed, Lycoming County Deed Book 38, Page 395 referenced in Paragraph 12. To the contrary, the Plaintiffs acquired interests, if any, to a maximum of one hundred (100) acres located to the east of the Leased Property pursuant to the McCawley to Meyer Deed. The McCawley to Meyer deed contained an error in the metes and bounds legal description that, when plotted, purported to contain two hundred twenty-six (226) acres even though the numerical acreage called in the deed was one hundred (100) acres. Plaintiffs seek to rely on the erroneous metes and bounds description and to disregard the accurate, numerically called acreage. However, for the 160 years since the erroneous metes and bounds description, Plaintiffs, their predecessors in interest, and their successors in interest treated the property interest conveyed by the McCawley to Meyer deed as conveying one hundred (100) acres. The conveyances made near the time of the McCawley to Meyer deed support and reinforce that it was the Grantor's intention to convey

---

[1] The Subject Lease involved two discrete parcels identified as "Tract 1" and "Tract 2". This dispute involves only Tract 1, which is Lycoming County Tax Parcel Identification Number 06-212-101 containing 331 acres.

only one hundred (100) acres.  It is believed and therefore averred that the attempt by the Plaintiffs in the instant litigation to claim what they erroneously describe the "Subject Property" is the first attempt by any successor to McCawley to accredit the erroneous metes and bounds description.  Plaintiffs are attempting, nearly two centuries later, to garner property rights beyond those which were intended to be conveyed by the grantor.  By way of further response, Defendant incorporates its affirmative defenses, including the chain of title exhibits referenced in Exhibits A and B, attached hereto.  For these reasons, Defendant Anadarko believes that Plaintiffs' description of the "Subject Property" as containing two hundred six (206) acres is improper and inaccurate, and Anadarko denies the Plaintiffs have any legally enforceable rights in the Leased Property.

13.    Denied.  The averments of Paragraph 13 are denied generally and as more specifically set forth below.  It is denied that title to two hundred six (206) acres was conveyed as described in Paragraph 13.

a.  Admitted in part and denied in part.  It is admitted that a deed from John McCawley to John F. Meyer dated March 30, 1857 was recorded in Lycoming County.  For the reasons set forth above, it is denied Plaintiffs received the "Subject Property" as described by Plaintiffs.  To the contrary, for the reasons set forth above and hereafter, the McCawley to Meyer deed intended to convey, and in

fact conveyed interest of no more than one hundred (100) acres, and those acres were located outside boundaries of the Leased Property.

b. Admitted in part and denied in part. It is admitted that on May 30, 1871 a deed from John F. Meyer and Mary M. Meyer, husband and wife, to Thomas E. Proctor ("Meyer to Proctor deed") was recorded at Deed Book 64, Page 413 on May 30, 1871. By way of further response, for the reasons set forth above and hereafter, the Meyer to Proctor deed intended to convey, and in fact conveyed an interest of no more than one hundred (100) acres, and those acres were located outside boundaries of the Leased Property.

c. Admitted in part and denied in part. It is admitted that a deed from Thomas E. Proctor to the Elk Tanning Company (the "Proctor to Elk Tanning" deed) was recorded in the Lycoming County Recorder of Deeds Office at Deed Book 144, Page 398 on October 2, 1894. It is further admitted that the deed contained an exception and reservation of subsurface rights, including, in pertinent part, natural gas rights. For the reasons set forth above, the Proctor to Elk Tanning deed intended to convey, and conveyed interest of no

more than one hundred (100) acres, and those acres were located outside boundaries of the Leased Property.

d. After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13(d). The same are therefore denied and strict proof thereof demanded.

e. After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13(e). The same are therefore denied and strict proof thereof demanded.

f. After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13(f). The same are therefore denied and strict proof thereof demanded.

g. After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13(g). The same are therefore denied and strict proof thereof demanded.

14.    Denied.  For the reasons described above, it is denied that the Plaintiffs individually or collectively own what they erroneously describe as the

"Subject Property" or that they hold any legally enforceable subsurface interests in the Leased Property.

**B.    Anadarko's Drilling Activity**

15.    Admitted in part and denied in part. It is admitted that the Wallis Run Defendants claim title to the Leased Property.  For the reasons stated above, it is denied that said property constitutes a portion of the "Subject Property" or that the TEP heirs or the MOP trust own any legally enforceable interests in the Leased Property.

16.    Denied.  After reasonable investigation, Defendant Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16. The same are therefore denied and strict proof thereof demanded.

17.    Admitted. By way of further response, there was no legal or equitable duty on the part of Anadarko to notify or seek permission from the Proctor Trusts in connection with the Leased Property.  It is denied that the TEP heirs or the MOP trust own any legally enforceable interests in the Leased Property.

18.    Admitted. By way of further response, there was no legal or equitable duty on the part of Anadarko to seek permission from the Plaintiffs in connection with the production of oil and/or gas on the Leased Property.

19.– 20.  Admitted in part and denied in part.  It is admitted that Anadarko has begun drilling activities on the Leased Property.  For the reasons set forth above, it is denied that Anadarko's drilling activities have occurred on what Plaintiffs are characterizing as the "Subject Property" or that Plaintiffs have legally enforceable interests in, on or under the Leased Property.

21.     Admitted in part and denied in part.  It is admitted that Anadarko has produced natural gas on the leased property.  For the reasons set forth above, it is denied that Anadarko's drilling activities have occurred on what Plaintiffs are characterizing as the "Subject Property" or that Plaintiffs have legally enforceable interests in, on or under the Leased Property.

22.     It is admitted that oil and gas in excess of $75,000 has been produced on the Leased Property.

23.     Denied.  It is denied that the Proctor Trusts had legally enforceable oil and gas rights on, in or under the Leased Property for the reasons set forth above.  By way of further response, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments about what the Proctor Trusts would have been able to lease oil and gas rights for in Paragraph 23. The same are therefore denied and strict proof thereof demanded.

24.     Admitted in part and denied in party.  It is admitted that production activity on the Leased Property has occurred.  It is denied that there was any legal

or equitable obligation to seek the permission of the Plaintiffs because the Plaintiffs do not have any legally enforceable property interests in the Leased Property that would have been affected by the drilling and production activities.

25.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25. The same are therefore denied and strict proof thereof demanded.

26.     Denied.  After reasonable investigation, Anadarko is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26. The same are therefore denied and strict proof thereof demanded.  By way of further response, for the reasons stated above, it is denied that Plaintiffs were legally entitled to notice or compensation.

## COUNT I – QUIET TITLE
### (Against all Defendants)

27.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 26 above as though set forth at length herein.

28.     Admitted in part and denied in part.  It is admitted that the Plaintiffs seek to quiet title to the oil and gas rights of the Leased Property and/or to remove alleged clouds on their alleged title.  For the reasons set forth above and hereafter, it is denied that the Plaintiffs' claims have merit.

29.     Denied.  It is denied that the Plaintiffs hold title to the oil and gas rights in, on or under the Leased Property.

30.     Denied.  Because the Plaintiffs do not hold title to the oil and gas in, on or under the Leased Property, it is denied that there is a cloud on the title relative to the Leased Property.

31.     Admitted in part and denied in part.  As to Defendants other than Answering Defendant, Defendant Anadarko is without knowledge or information sufficient to form a belief thereon and the same are therefore denied and strict proof thereof demanded.  With respect to the activities of Answering Defendant, it is admitted that Answering Defendant has properly and lawfully attempted to exercise its oil and gas interests in connection with the Leased Property.

32.     Admitted in part and denied in part. It is admitted that the Proctor Trusts seek a determination that the ownership of the oil and gas rights in the Leased Property is vested in them.  For the reasons set forth above and hereafter, it is denied that the Proctor Trusts' claim is meritorious.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c) The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT II – TRESPASS
### (Against Anadarko)

33.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 32 above as though set forth at length herein.

34.     Denied.  It is denied that the Plaintiffs have the exclusive (or non-exclusive) right to the possession, use, enjoyment and control of the oil and gas interests on the Leased Property.  For the reasons set forth above and hereafter, it is

averred that Anadarko has superior rights to the oil and gas interests in on and under the Leased Property.

35.     Denied.  At all times relevant hereto, Defendant Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on and under the Leased Property.

36.     Admitted.  It is admitted that Defendant Anadarko's oil and gas activities on the Subject Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights under the Leased Property.

37.     Denied.  It is denied that Defendant Anadarko's oil and gas activities on the lease property have been in any way unauthorized or that said activities have caused damage to the Plaintiffs.  To the contrary, Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights under the Leased Property.

38.     Denied.  It is denied that the Plaintiffs have the legally enforceable right to "fully appreciate the benefits of the natural gas in and under" the Leased Property, as averred.

39.     Denied.  Defendant Anadarko is advised and therefore believes that Paragraph 39 pleads a conclusion of law or is otherwise a statement of Plaintiffs' legal position to which no response is required. To the extent any response is required, it is denied the Plaintiffs have any legally enforceable rights to the oil and gas in, on or under the Leased Property.  It is further denied that Anadarko's activities are "unauthorized" or that Plaintiffs have suffered any compensable damage therefrom.  To the contrary, Anadarko's oil and gas activities on the Subject Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and

Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c) The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d) The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT III – CONVERSION
### (Against all Defendants)

40. Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 39 above as though set forth at length herein.

41. Denied. It is denied that Defendant Anadarko has intentionally deprived the Plaintiffs of any natural gas rights in, on or under the Leased Property. To the contrary, Anadarko's oil and gas activities on the Subject Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

42. Admitted. By way of further response, Defendant Anadarko's activities with respect to oil and gas leasing and production on the leased property have been lawful and proper and there has been no legal or equitable duty for it to obtain the Plaintiffs' consent to same.

43.     Denied.  It is denied that the Proctor Trusts have suffered damages as a result of the activities of Defendant Anadarko or any other entity with respect to oil and gas production occurring on the Leased Property.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c) The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT IV – EJECTMENT
### (Against Anadarko)

44.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 43 above as though set forth at length herein.

45.     Denied.  It is denied that the Plaintiffs are the owners of the oil and gas rights in, on or under the Leased Property.  Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

46.     Admitted. By way of further response, Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights under the Leased Property.

47.     Denied.  For the reasons set forth above and hereafter, it is denied that Defendant Anadarko holds no right, title or interest to the oil and gas rights in, on or under the Leased Property.  To the contrary Anadarko's has valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c) The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT VI [*SIC*] – UNJUST ENRICHMENT
### (Against all Defendants)

48.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 47 above as though set forth at length herein.

49.     Denied.  It is denied that Defendant Anadarko has been unjustly enriched or that it has appropriated any benefits owned by the Plaintiffs.  To the contrary, Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

50.     Denied.  It is denied that Answering Defendant has been unjustly enriched or that it has appropriated any benefits owned by the Plaintiffs.  To the contrary, Anadarko's oil and gas activities on the Leased Property have been in full conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

51.     Admitted in part and denied in part.  It is admitted that the Wallis Run Defendants have received benefits from Defendant Anadarko in connection with the natural gas activities on the Leased Property.  It is denied that those benefits were unlawful or improper.

52.     Denied.  It is denied that Defendant Anadarko has been unjustly enriched or that it has appropriated any benefits owned by the Plaintiffs.  To the contrary, Anadarko's oil and gas activities on the Leased Property have been in full

conformity with its valid and legally enforceable ownership interest in the oil and gas rights in, on or under the Leased Property.

53. Denied. To the extent Answering Defendant has retained benefits, the retention of those benefits have been pursuant to its legally enforceable ownership interests in the oil and gas rights in, on or under the Leased Property. It is denied that any harm has been caused to the Plaintiffs.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a) The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b) The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c) The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of

Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT VII – DECLARATORY JUDGMENT
### (Against all Defendants)

54.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 53 above as though set forth at length herein.

55.     Admitted in part and denied in part.  It is admitted that a dispute exists between the Plaintiffs and the Defendants as to the ownership of the Leased Property.  It is denied that the Plaintiffs' position is meritorious.

56.     Admitted in part and denied in part.  It is admitted that the Plaintiffs claim title to the subsurface estate on the Leased Property.  For the reasons set forth above and hereafter, it is denied that said claim is meritorious.

57.     Admitted in part and denied in part.  Admitted that Defendant Anadarko claims to hold a superior ownership interest in the oil and gas rights in, on and under the Leased Property. Plaintiff's claims to the "Subject Property" are denied in that Defendant Anadarko is, after reasonable investigation, without knowledge or information sufficient to form a belief as to where it is that Plaintiffs contend the alleged "Subject Property" is located or whether the alleged Subject Property overlaps in whole or in part, with the Leased Property.  To the extent

Plaintiffs contend, in whole or in part, to hold any legally enforceable rights to the subsurface estate in, on or under the Leased Property, it is denied that Plaintiffs possess any legally enforceable rights to the subsurface estate in, on or under the Leased Property.

58.     Admitted in part and denied in part.  Admitted that Defendant Anadarko claims to hold a superior ownership interest in the oil and gas rights in, on and under the Leased Property. Plaintiffs' claims to the "Subject Property" are denied in that Defendant Anadarko is, after reasonable investigation, without knowledge or information sufficient to form a belief as to where it is that Plaintiffs contend the alleged "Subject Property" is located or whether the alleged Subject Property overlaps in whole or in part, with the Leased Property.  To the extent Plaintiffs contend, in whole or in part, to hold any legally enforceable rights to the oil and gas rights in, on or under the Leased Property, it is denied that Plaintiffs possess any legally enforceable rights to the oil and gas rights in, on or under the Leased Property.

59.     Admitted in part and denied in part.  It is admitted that the Plaintiffs seek a declaration that they own the subsurface estate associated with the Leased Property.  For the reasons set forth above and hereafter, it is denied that they are entitled to such a declaration.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award to it reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the oil and gas rights in, on and under the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendant that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c)     The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate.

(d)     The entry of an order quieting title in favor of Defendant and against Plaintiffs relative to the oil and gas rights in, on or under the Leased Property.

## AFFIRMATIVE DEFENSES

60.     Defendant Anadarko hereby incorporates by reference Paragraphs 1 through 59 above as though set forth at length herein.

61.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

62.     Plaintiffs' claims are barred in whole or in part by the expiration of the applicable statute of limitations.

63.     Plaintiffs' claims are barred in whole or in part by the doctrine of license.

64.     Plaintiffs' claims are barred in whole or in part by the defense of contractual privilege.

65.      Plaintiffs' claims are barred in whole or in part by the defense of justification.

66.     Plaintiffs' claims are barred in whole or in part by the defense of adverse possession.

67.     Plaintiffs' claims are barred in whole or in part by the defense of laches.

68.     Plaintiffs' claims are barred in whole or in part by the defense of estoppel.

69.     Plaintiffs' claims are barred in whole or in part by the defense of estoppel by deed.

70.     Plaintiffs' claims are barred in whole or in part by the defense of justifiable reliance.

71.     Plaintiffs' claims are barred in whole or in part by the defense of mistake.

72.     Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

73.     Plaintiffs' claims are barred in whole or in part by the doctrine of consent.

74.     Plaintiffs' claims are barred in whole or in part by the defense of waiver.

75.     Plaintiffs' claims are barred in whole or in part by the defense of the statute of frauds.

76.     Plaintiffs' claims are barred in whole or in part by the doctrines of tender and/or payment.

77.     Plaintiffs' claims are barred in whole or in part by the defense of truth.

78.     Plaintiffs fail to state a claim upon which relief can be granted.

79.     Anadarko has full legal right to use and enjoyment of the Subject Property by virtue of the Lease.

80.     Assuming arguendo that Plaintiffs acquired some legally enforceable interests beyond the 100 acres which was intended to be and which was conveyed in the McCawley to Meyer and the Meyer to Proctor deeds, which assumption is denied, it is believed and therefore averred that such interests were located outside of the boundaries of the Leased Property such that they do not affect Anadarko's superior rights to the oil and gas interests in, on and under the Leased Property.

81.     Upon information and belief, any subsurface interests excepted or reserved by Plaintiffs' predecessors in interest pursuant to the Proctor to Elk Tanning deed were divested and lost by virtue of one or more tax sales which operated to extinguish the excepted and reserved subsurface rights and to reunite them with the purchaser at the tax sale(s).

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in

Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c)     The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate.

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNTERCLAIMS

82.     Defendant and Counterclaim Plaintiff Anadarko incorporates by reference Paragraphs 1 through 81 above as though set forth at length herein.

83.     Anadarko owns an undivided 59.221698 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit recorded as Instrument No. 201400010572, Book 8400 Page 191 in the Official Records of Lycoming County, Pennsylvania. Anadarko owns an undivided 33.75 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Salt Run Hunting Club A Unit recorded

as Instrument No. 201500011862, Book 8727 Page 82 in the Official Records of Lycoming County, Pennsylvania. Anadarko owns an undivided 67.5 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies outside of the aforementioned Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit and the Second Amended Salt Run Hunting Club A Unit.

84. Chesapeake Appalachia, L.L.C. acquired its interests in the Leased Property pursuant to the Subject Lease with Wallis Run Hunting Club, Inc.

85. Wallis Run Hunting Club, Inc. acquired its interests in the Leased Property pursuant to the history of title set for the on Exhibits A and B, attached.

86. Plaintiffs' Proctor Trusts claim of ownership to the subsurface rights of the Leased Property is invalid, yet it creates a cloud on Anadarko's ownership of the oil and gas rights in, on and under the Leased Property.

## COUNT I – QUIET TITLE

87. Defendant and Counterclaim Plaintiff Anadarko incorporates by reference Paragraphs 1 through 86 above as though set forth at length herein.

88. Anadarko seeks to quiet title to the oil and gas rights of the Leased Property so as to remove any cloud on its title to the Leased Property that has been created by the Plaintiffs/Proctor Trusts' actions.

89.     Pursuant to the chains of title set forth as Exhibits A and B, and by virtue of the Subject Lease and the assignment of same to Anadarko, Anadarko is the title owner of an undivided 59.221698 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit recorded as Instrument No. 201400010572, Book 8400 Page 191 in the Official Records of Lycoming County, Pennsylvania. Anadarko owns an undivided 33.75 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Salt Run Hunting Club A Unit recorded as Instrument No. 201500011862, Book 8727 Page 82 in the Official Records of Lycoming County, Pennsylvania. Anadarko owns an undivided 67.5 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies outside of the aforementioned Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit and the Second Amended Salt Run Hunting Club A Unit.

90.     Plaintiffs/Proctor Trusts do not hold any legally enforceable oil and gas rights in, on and under the Leased Property.

91.     There is a cloud on Anadarko's title by reason of the actions and claims of the Plaintiffs/ Proctor Trusts.

92.     Consequently, Anadarko seeks a determination that title to the oil and gas rights under the Leased Property is vested in it by virtue of the chains of title set forth in Exhibits A and B and the assignment of the Subject Lease to it.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c)     The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

## COUNT II – DECLARATORY JUDGMENT

93.     Defendant and Counterclaim Plaintiff Anadarko incorporates by reference Paragraphs 1 through 92 above as though set forth at length herein.

94.     A dispute exists between Plaintiffs/Proctor Trusts and Anadarko as to the ownership of the Leased Property.

95.     Plaintiffs/Proctor Trusts do not have a legally enforceable interest in the subsurface estate of the Leased Property including, without limitation, the oil and gas rights in, on and under the Leased Property.

96.     Nevertheless, Plaintiffs/Proctor Trusts have publicly and openly challenged the title ownership of the oil and gas rights in, on or under the Leased Property held by Anadarko.

97.     Pursuant to the chains of title set forth as Exhibits A and B, and by virtue of the Subject Lease and the assignment of same to Anadarko, Anadarko is the title owner of an undivided 59.221698 percent  interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit recorded as Instrument No. 201400010572, Book 8400 Page 191 in the Official Records of Lycoming County, Pennsylvania. Anadarko

owns an undivided 33.75 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Salt Run Hunting Club A Unit recorded as Instrument No. 201500011862, Book 8727 Page 82 in the Official Records of Lycoming County, Pennsylvania. Anadarko owns an undivided 67.5 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies outside of the aforementioned Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit and the Second Amended Salt Run Hunting Club A Unit.

98.     An actual controversy exists among the parties as to the ownership of the oil and gas rights in, on or under the Leased Property.

99.     Anadarko seeks a judicial declaration that it is the title owner of the oil and gas rights in, on and under the Leased Property.

WHEREFORE, Defendant Anadarko requests that the Court enter judgment in its favor and award reasonable attorneys' fees, costs of this suit, together with such other relief as the Court deems just and appropriate, including but not limited to:

(a)     The entry of an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the Leased Property;

(b)     The entry of a judgment against Plaintiffs and in favor of Defendants that denies Plaintiffs' tort-based claims for damages contained in Counts II and III, as well as Plaintiffs claim for ejectment in Count IV and Plaintiffs' unjust enrichment claim in Count VI and awarding Defendants all damages, costs and fees emanating therefrom;

(c)     The entry of an order precluding the Plaintiffs, their successors or assigns from further interference with the lawful and valid exercise of Anadarko's ownership rights in, on and under the Leased Property and granting such further relief as may be just and appropriate; and

(d)     The entry of an order quieting title in favor of Defendants and against Plaintiffs relative to the Leased Property.

<div style="margin-left:50%;">

Respectfully submitted,

McQUAIDE BLASKO, INC.

</div>

Date:  September 22, 2016        By:  s/Jaime S. Bumbarger
                                     John A. Snyder, Esquire
                                     I.D. No. 66295
                                     jasnyder@mqblaw.com
                                     Jaime S. Bumbarger, Esquire
                                     I.D. No. 308708
                                     jsbumbarger@mqblaw.com
                                     811 University Drive
                                     State College, PA 16801
                                     Phone:  (814) 238-4926
                                     Fax: (814) 234-5620

                                     Attorneys for Defendant
                                     Anadarko E&P Onshore LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE KENDALL and | : | |
| ANN P. HOCHBERG, as Trustees for | : | Civil Action No. 3:16-cv-01182-MEM |
| The Thomas E. Proctor Heirs Trust, | : | |
| and BANK OF AMERICA, N.A., and | : | Judge Malachy E. Mannion |
| JOHN J. SLOCUM, JR., as Trustees | : | |
| for The Margaret O.F. Proctor Trust, | : | Complaint filed:  06/17/16 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | *Electronically Filed* |
| ANADARKO E&P ONSHORE LLC, | : | |
| WALLIS RUN HUNTING CLUB, | : | |
| INC., and WALLIS RUN GAS and | : | |
| OIL, INC., | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant Anadarko E&P Onshore LLC's Answer to Plaintiffs' Complaint in the above-captioned matter was served this 22nd day of September, 2016, to the attorneys/parties of record via electronic filing as follows:

| | |
|---|---|
| Laura A. Lange, Esquire | Thomas C. Marshall, Esquire |
| Paul K. Stockman, Esquire | Thomas E. Robins, Esquire |
| McGuire Woods LLP | McNerney, Page, Vanderlin & Hall |
| 625 Liberty Avenue, 23rd Floor | 433 Market Street |
| EQT Plaza | P.O. Box 7 |
| Pittsburgh, PA  15222 | Williamsport, PA  17703 |
| (412) 667-7941 | (570) 326-6555 |
| llange@mcguirewoods.com | tmarshall@mpvhlaw.com |
| pstockman@mcguirewoods.com | trobins@mpvhlaw.com |
| (For Plaintiffs) | (For Defs. Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.) |

McQUAIDE BLASKO, INC.

By: s/Jaime S. Bumbarger
       John A. Snyder, Esquire
       I.D. No. 66295
       jasnyder@mqblaw.com
       Jaime S. Bumbarger, Esquire
       I.D. No. 308708
       jsbumbarger@mqblaw.com
       811 University Drive
       State College, PA 16801
       Phone:  (814) 238-4926
       Fax: (814) 234-5620

       Attorneys for Defendant
       Anadarko E&P Onshore LLC