IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR., as Trustees for The Margaret O.F. Proctor Trust, Plaintiffs, | : | Civil Action No. 3:16-cv-01182-MEM |
| vs. | : | Judge Malachy E. Mannion |
| ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., and WALLIS RUN GAS and OIL, INC., Defendants. | : | Complaint filed: 06/17/16 |
| | : | ***Electronically Filed*** |

**DEFENDANT ANADARKO E&P ONSHORE LLC'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**<u>IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**


John A. Snyder, Esquire
I.D. No. 66295
jasnyder@mqblaw.com
Suzette v. Sims, Esquire
I.D. No. 210355
svsims@mqblaw.com
McQUAIDE BLASKO, INC.
811 University Drive
State College, PA 16801
Phone: (814) 238-4926
Fax: (814) 234-5620

Attorneys for Defendant
Anadarko E&P Onshore LLC

## Contents

I. The Parties ........ 1
  A. Plaintiffs ........ 1
  B. Defendants ........ 1
II. Background of Dispute ........ 1
III. Chain of Title of John Brown Warrant ........ 3
  A. Conveyances of the John Brown Warrant Prior to Division into Three Tracts ........ 4
  B. The Division of John Brown Warrant into Three Tracts (and the Source of the Flawed Deed Description) ........ 5
  C. Subsequent Chain for J. F. Meyer Deed (Eastern tract) ........ 7
  D. Subsequent Chain for Whitaker Deed (Middle tract a/k/a the 231 Acre tract) Ultimately Vesting in Wallis Run Hunting Club ........ 9
  E. Subsequent Chain for F.W. Meier Deed (Western tract a/k/a the 100 acre tract) Ultimately Vesting in Wallis Run Hunting Club, Inc. ........ 11
  F. Tax Parcel Identification of Land Encompassed within John Brown Warrant ........ 14
IV. Anadarko's Leased Interest to Subsurface Natural Gas Rights of Tax Parcel 06-212-101 (encompassing the Western and Middle tracts of the John Brown Warrant) ........ 14
V. Proctor Heirs Cannot Establish Title to Oil and Gas Interests Lying Underneath Current Tax Parcel 06-212-101 ........ 16

## I. The Parties

### A. Plaintiffs

1. Plaintiffs are Charles Rice Kendall and Ann P. Hochberg, as Trustees for the Thomas E. Proctor Heirs Trust ("PHT"); and Bank of American, N.A. and John L Slocum, Jr., as Trustees for the Margaret O.F. Proctor Trust ("MPT") (collectively, the "Proctor Trusts"). (Pls.' Compl., ECF No. 1, ¶¶ 1 and 2).

### B. Defendants

2. Defendant Anadarko E&P Onshore LLC ("Anadarko") is a Delaware limited liability company with a principal place of business in The Woodlands, Texas. (Def. Anadarko Answer, Affirmative Defenses and Countercls. to Pls.' Compl., ECF No. 22, ¶ 7).

3. Defendants Wallis Run Hunting Club, Inc. ("Wallis Run Hunting") and Wallis Run Gas and Oil, Inc. ("Wallis Run Gas") (collectively, "Wallis Run") are Pennsylvania corporations with their principal places of business in Pennsylvania. (Def. Wallis Run's Answer to Pls.' Compl. with Affirmative Defenses and Countercl., ECF No. 17, ¶¶ 8 and 9).

## II. Background of Dispute

4. This action was commenced through a Complaint filed by the Proctor Trusts, which seeks to quiet title, in favor of the Proctor Trusts, to subsurface oil and gas rights, which are also claimed by Wallis Run Hunting Club, Inc. and

Wallis Run Gas & Oil, Inc. (collectively, "Wallis Run,") and leased by Wallis Run to Anadarko. (ECF No. 1, ¶ 12; ECF No. 17, ¶ 12; and, ECF No. 22, ¶ 12).

5. The Proctor Trusts' Complaint also alleges claims of trespass and ejectment against Anadarko, as well as conversion, unjust enrichment, and declaratory judgment against all defendants. (ECF No. 1, generally).

6. In turn, Wallis Run and Anadarko have filed counterclaims for quiet title and declaratory judgment. (ECF No. 17 and 22, generally).

7. Essentially, the Proctor Trusts' assertion that it has title to certain subsurface property rights relies on an internally inconsistent deed (McCawley to Meyer deed, a/k/a the "J.F. Meyer Deed"), containing an erroneous property description, which has since been disregarded. (See McCawley to Meyer deed in Lycoming County Deed Record (hereinafter "DR") 38/295, dated March 30, 1857, contained in ECF No. 41, pp. 57-58). (See also, generally, Rule 26(a)(2) Expert Disclosures by Defendant Anadarko E&P Onshore LLC and attachments ("Expert Disclosures") at ECF No. 46 and Supplemental Expert Report of Bruce F. Rudoy, Esq, dated November 16, 2017 ("Rudoy Supplemental Report") at ECF No. 47 and Wallis Run Lease to Chesapeake at ECF No. 50).

8. Anadarko's leased interest to the subsurface rights at issue is established in the attached Abstract of Title. (ECF No. 41 through ECF No. 45, generally). (See also, ECF No. 22, generally).

## III. Chain of Title of John Brown Warrant

9. The subsurface property rights at issue are located in Cascade Township, Lycoming County, Pennsylvania and were originally part of a larger tract known as the John Brown Warrant. (ECF No. 1, ¶ 12; ECF No. 41, pp. 12-18). (See also, ECF Nos. 46 and 47).

10. The John Brown Warrant consisted of 407.75 called acres, which was substantially the same amount of acreage in each of the other contiguous warrants. (Id.). (See, for example, the John Barry Warrant, the Jas. Biddle Warrant, the Wm. Williams Warrant, the Sarah Hollinshead Warrant, the Alexander Wilcox Warrant, etc., which were all listed as 407¾ acres as indicated in the Abstract of Title (ECF No. 41, p. 12).

11. In a 1792 survey, the John Brown Warrant is depicted as a rectangle with lines forming the eastern and western boundary (which lines run in a north/south direction) of 186 perches each, and lines forming the northern and southern boundary lines (which lines run in an east/west direction) of 372 perches each. (Id.).

12. The plotted distances of said property consisted of an area of 432.45 acres. (Id.).

### A. Conveyances of the John Brown Warrant Prior to Division into Three Tracts

13. By deed dated July 31, 1854, John Rothrock, Treasurer, conveyed 407 acres and 120 perches of land to George Lentz. (See, DR 37/257[1] at ECF No. 46, pp. 53-57).

14. By deed dated June 2, 1855, Ann M. Peters, Executrix of the Estate of the late Ralph Peters, Jr. and heir of Ralph Peters, deceased, and Sarah R. Peters, deceased conveyed to Edward R. Mayer, all her right, title, and interest in and to a tract of land known as the Peters Farm. (See, DR 37/236 at ECF No. 46, pp. 53-57).

15. By deed dated June 23, 1855, Edward Peters, Sarah H. Dana and W.G. Peters, Heirs of Ralph Peters, deceased, and of Sarah R. Peters, deceased, conveyed to Edward R. Mayer several tracts of land in Lycoming County, including the subject tract. (See, DR 37/232). (See also, ECF No. 46, pp. 53-57).

16. By deed dated December 20, 1855, Edward R. Mayer and Ellen M. Mayer, husband and wife, conveyed to John McCawley the John Brown Warrant, which is described by adjoinders with a stated acreage of 407 acres and 20 perches. (See, DR 37/437, a copy of which is located in Wallis Run's Responses to

[1] Copies of recorded instruments are included as exhibits to the extent they are available, but, pursuant to Federal Rule of Evidence 201 the Court is also asked to take judicial notice of all recorded instruments.

Plaintiff's First Request for Production, WR 0337-0338). (ECF No. 49, pp. 63-64). (See also, ECF No. 46, pp. 53-57).

### B. The Division of John Brown Warrant into Three Tracts (and the Source of the Flawed Deed Description)

17. The John Brown Warrant was divided into three separate tracts by three deeds executed in 1857:

18. By deed dated March 30, 1857, and recorded on May 15, 1857, John McCawley conveyed 100 acres of land, located in the eastern portion of the John Brown Warrant, to John F. Meyer. (See, DR 38/295, the "J. F. Meyer Deed" or "Eastern tract", ECF No. 41, pp. 57-58).

19. By deed dated March 30, 1857, and recorded on May 20, 1857, John McCawley and Elizabeth McCawley, husband and wife, conveyed 212 acres of land, located in the middle of the John Brown Warrant, to Conrad M. Whitaker (See, DR 38/301, the "Whitaker Deed" or "Middle tract", ECF No. 41, pp. 60-61).

20. By deed dated October 1, 1857, and recorded January 22, 1858, John McCawley conveyed 107.5 acres of land, located in the western portion of the John Brown Warrant, to F. W. Meier (See, DR 38/776, the "F. W. Meier Deed" or "Western tract," ECF No. 41, pp. 63-64).

21. With respect to the J. F. Meyer Deed (Eastern tract), the metes and bounds description plots to approximately 206 acres, which contradicts the stated

acreage of 100 acres in the granting language of the deed. (See, deed plot contained in the Abstract of Title, ECF No. 41, p. 59). (See also, ECF No. 46 and ECF No. 47).

22. With respect to the Whitaker Deed (Middle tract), the metes and bounds description plots to 412 acres, more or less, which similarly contradicts the stated acreage of 212 acres in the granting language of the deed. (See, deed plot contained in the Abstract of Title, ECF No. 41, p. 62). (See also, ECF No. 46 and ECF No. 47).

23. With respect to the F.W. Meier Deed (Western tract), the metes and bounds description plots to 113.3438 acres, which is approximately consistent with the stated acreage. (See, ECF No. 41, p. 65). (See also, ECF No. 46 and ECF No. 47).

24. As outlined above, the stated acreage in each of the 1857 conveyances dividing the John Brown Warrant totals 419.5 acres (100 acres Eastern tract + 212 acres Middle tract + 107.5 acres Western tract), which more or less equals what was indicated as the total acreage in the John Brown Warrant (407.5 stated acres or 432.45 acres, as indicated in the 1792 survey plots). (See also, ECF No. 46 and ECF No. 47).

25. By contrast, due to the deed descriptions of the Whitaker and John F. Meyer deeds, which were executed on the same day, the plotted acreage of the

three 1857 conveyances dividing the John Brown Warrant totals 731 acres (206 plotted acres Eastern tract + 412 plotted acres Middle tract + 113 plotted acres Western tract), which far exceeds the total acreage of the John Brown Warrant. (Id.).

26. The following table summarizes the 1857 conveyances by John McCawley dividing the John Brown Warrant into three separate tracts, as outlined in the preceding paragraphs:

| **John Brown Warrant 407.5 stated acres (or 432.45 plotted acres per 1792 survey)** | **Western tract** | **Middle tract** | **Eastern tract** |
|---|---|---|---|
| | F.W. Meier Deed | Whitaker Deed | John F. Meyer Deed |
| **Deed Date:** | October 1, 1857 | March 30, 1857 | March 30, 1857 |
| **Deed Book/Page:** | DR 38/776 | DR 38/301 | DR 38/295 |
| **Recorded Date:** | January 22, 1858 | May 20, 1857 | May 15, 1857 |
| **Stated (or Called) Acreage Totals 419.5 acres** | 107.5 acres | 212 acres | 100 acres |
| **Plotted Acreage Totals 731 acres** | 113 acres as plotted by deed description | 412 acres as plotted by deed description (*approximately 50% more than the stated acreage*) | 206 acres as plotted by deed description (approximately 50% *more than the stated acreage*) |

**C. Subsequent Chain for J. F. Meyer Deed (Eastern tract)**

27. By deed dated May 30, 1871, John F. Meyer and Mary M. Meyer, husband and wife, conveyed 100 acres of the John Brown Warrant to Thomas E. Proctor. (See, DR 64/413 at ECF No. 41, pp. 66-68).

28. By deed dated October 2, 1894, Thomas E. Proctor conveyed several tracts of land, including 100 acres of the John Brown Warrant, to the Elk Tanning Company, excepting and reserving all of the natural gas, coal, coal oil, petroleum, marble and all minerals of every kind and character. (See, DR 144/398, a copy of which is located in Abstract of Title, ECF NO. 41, pp. 69-110).

29. Thomas E. Proctor died testate December 7, 1894, and his Will appointed his wife, Emma H. Proctor as the Executrix of his Estate, with full power and authority to sell any of the real estate of which he died seized (Will Record 8/253). (See ECF No. 46, pp. 53-57). (See also, ECF No. 1, ¶ 13).

30. The Plaintiffs to this matter are claiming title as heirs of Thomas E. Proctor[2]. (ECF No. 1, generally).

31. By deed dated May 25, 1903, the Elk Tanning Company conveyed several tracts of land, including 100 acres of the John Brown Warrant, to the Central Pennsylvania Lumber Company. (See, DR 183/328 at ECF No. 41, pp. 110-112). (See also, ECF No. 46, pp. 53-57).

32. By deed dated December 14, 1904, the Central Pennsylvania Lumber Company conveyed 112.25 acres, described by an updated property description, to

[2] Defendants are not conceding the claim that the Plaintiffs are heirs of Thomas E. Proctor and reserve the right to insist upon proof of heirship, but this motion does not turn on whether or not Plaintiffs are, in fact, heirs of Thomas E. Proctor.

M. T. Milnor. (See, DR 227/399 at ECF No. 41, pp. 114-115). (See also, ECF No. 46, pp. 53-57).

33. By several deeds dated between March 25, 1920 through April 7, 1987, 111 acres of the John Brown Warrant was acquired by the Dwight Lewis Lumber Company. (See ECF No. 46, pp. 53-57). (See also, ECF No. 47).

**D. Subsequent Chain for Whitaker Deed (Middle tract a/k/a the 231 Acre tract) Ultimately Vesting in Wallis Run Hunting Club**

34. By Deed dated October 9, 1857, Conrad M. Whitaker and Emma S. Whitaker, husband and wife, conveyed 212 acres to Thomas Martin. (See, DR 38/653 at ECF No. 49, pp. 71-72). (See also, citations to deeds listed in Rudoy's October 26, 2010 title opinion, Section V. "History of Title," "Chain 2-The 231 acres Tract," starting at page 13, which is attached to the Expert Disclosures, ECF No. 46, pp. 55-57). (See also, ECF No. 47).

35. By Deed dated September 21, 1869, Thomas Martin conveyed 212 acres to Michael Kelly. (See, DR 59/590, at ECF No. 49, pp. 78-79). (Also see, ECF No. 46).

36. By Deed dated April 26, 1877, Michael Kelly and Rose W. Kelly, husband and wife, conveyed 231 acres to Timothy Curtin. (See, DR 79/209 at ECF No. 49, pp. 81-83). (Also see, ECF No. 46).

37. By Deed dated January 23, 1878, Timothy Curtin, Assignee of Michael Kelly and Rose W. Kelly, husband and wife, in trust for the benefit of creditors, conveyed 231 acres to Patrick Ignatius Kelly. (See, DR 80/652 at ECF No. 49, pp. 116-118). (Also see, ECF No. 46).

38. By Deed dated August 23, 1883, Samuel Wilson, Sheriff, conveyed 231 acres to being the lands and tenements of Patrick Ignatius Kelly, to Timothy Curtin and Edward Fitzpatrick. (See, DR 98/493 at ECF No. 49, pp. 123-125). (Also see, ECF No. 46).

39. By Deed dated July 1, 1889, Timothy Curtin and Catharine Curtin, husband and wife, conveyed their undivided one-half (1/2) interest in and to 231 acres to Edward Fitzpatrick. (See, DR 121/310 at ECF No. 49, pp. 127-128). (Also see, ECF No. 46).

40. By Deed dated September 15, 1894, Edward Fitzpatrick and Mary Fitzpatrick, husband and wife, conveyed 231 acres to Thomas Foundation. (See, DR 153/577 at ECF No. 49, pp. 154-155). (Also see, ECF No. 46).

41. By Deed dated March 3, 1921, Louisa R. Morley, Hattie M. Morley, Alvin O. Mullen, and Eva B. Mullen, husband and wife, and Adelia Morley, heirs at law of Milton M. Morely, deceased, quitclaimed 231 acres to Edward H. Morely, "reserving thereout all minerals with the right to the grantor in the deed to Milton M. Morely, reserved to Thomas Foundation, his heirs and assigns, to enter

upon the land for the purposes of removing the minerals." (See, DR 242/112 atECF No. 49, pp. 154-155). (Also see, ECF No. 46).

42. By Deed dated April 12, 1921, Frank P. Cummings, Guardian of the Estate of Thomas Foundation, conveyed 231 acres to Edgar H. Morley, reserving all minerals, but not oil and gas. (See, DR 242/111 at ECF No. 49, pp. 157-158). (Also see, ECF No. 46).

43. By Deed dated December 9, 1921, Edward H. Morley and Margueretta May Morley, husband and wife, conveyed 231 acres to Louisa R. Morley. (See, DR 244/334 at ECF No. 49, pp. 160-161). (Also see, ECF No. 46).

44. By Deed dated November 9, 1936, Louise Morley Evans conveyed 231 acres to Wallis Run Hunting Club. (See, DR 299/30 at ECF No. 49, pp. 163-164). (Also see, ECF No. 46).

45. By Deed dated July 7, 2011, Wallis Run Hunting Club, Inc. a/k/a Wallis Run Hunting Club a/k/a Wallis Run Fish and Game Club conveyed 231 acres to Wallis Run Gas and Oil, Inc. (See Instrument 201100009622 or DR 7333/44 at ECF No. 41, pp. 116-118).

### E. Subsequent Chain for F.W. Meier Deed (Western tract a/k/a the 100 acre tract) Ultimately Vesting in Wallis Run Hunting Club, Inc.

46. By Deed dated June 12, 1871, Frederick W. Meier and Charlotte Meier, husband and wife, conveyed 107 and one-half (1/2) acres to John F. Meyer.

(See, DR 64/498 at ECF No. 49, pp. 169-170). (See also, citations to deeds listed in Rudoy's October 26, 2010 title opinion, Section V. "History of Title," "Chain 1-The 100 acres Tract," ECF No. 46, pp. 53-57). (See also, ECF No. 47).

47. John F. Meyer died testate on an unspecified date, devising 105 acres, more or less to Mary Margaret Meyer, his wife. (See, Will Record 4/267 at ECF No. 49, pp. 172-174). (Also see, ECF No. 46).

48. By Deed dated August 22, 1879, Mary Margaret Meyer, conveyed 107 and one-half (1/2) acres to Peter O'Connor. (See, DR 87/67 at ECF No. 49, pp. 176-177). (Also see, ECF No. 46).

49. By Deed dated September 1, 1988, Peter O'Connor and Mary O'Connor, husband and wife, conveyed 113 acres and 55 perches to James Cox. (See, DR 141/73, at ECF No. 49, pp. 180-182). (Also see, ECF No. 46).

50. By Deed dated April 30, 1894, James Cox conveyed 113 acres and 55 perches to John King. (See, DR 140/476 at ECF No. 49, pp. 184-186). (Also see, ECF No. 46).

51. By Deed dated July 18, 1907, John King conveyed 113 acres and 55 perches to George B. King. (See, DR 200/587 at ECF No. 49, p. 188). (Also see, ECF No. 46).

52. By Deed dated June 11, 1928, Mrs. Mary Hill, Treasurer, conveyed 100 acres, purporting to be owned by and assessed in the name of George King, to

C.L. Peaslee [sic]. (See, DR 281/43 at ECF No. 49, pp. 190-191). (Also see, ECF No. 46).

53. By Deed dated December 8, 1930, Clarence L. Peaslee and Helen Elizabeth Wilson Peaslee, husband and wife, quit-claimed 100 acres to Laura R. Updegraff, single. (See, DR 281/44 at ECF No. 49, p. 193). (Also see, ECF No. 46).

54. Laura Rebecca Updegraff died testate devising all the rest, residue and remainder of her real and personal property, of which her interest in the Subject Land was a part, to her siblings Thomas Augustus Updegraff, Mary E. Melhuish, Valeria Luse, Susan Shorkley and Almira Coney. (See, Will Record 24/329 at ECF No. 49, pp. 195-205). (Also see, ECF No. 46).

55. Susan U. Shorkley died intestate on March 28, 1937, leaving to survive her, Harry M. Shorkley and Margaret Shorkley, her children. (See, Will Record _/364 at ECF No. 49, pp. 207-216). (Also see, ECF No. 46).

56. Mary E. Melhuish appears to have died intestate on an unspecified date. (See, Rudoy's October 26, 2010 title opinion, Section V. "History of Title," "Chain 1-The 100 acres Tract," at ECF No. 46, p. 55).

57. By Deed dated June 27, 1939, Thomas Agustus Updegraaf, widower, Valeria U. Luse, widow, Largaret (Margaret) Shorkley, single, LeRoy Byham and Rhea Melhuish Byham, husband and wife, and Harry M. Shorkley and Belle K

Shorkley, husband and wife, conveyed 100 acres to Wallis Run Hunting Club. (See, DR 337/186 at ECF No. 49, p. 218). (Also see, ECF No. 46).

58. By Deed dated February 13, 1999, Wallis Run Hunting Club, Inc., conveyed 100 acres to Wallis Run Hunting Club, Inc. (See, DR 3232/229). (Also see, ECF No. 46).

### F. Tax Parcel Identification of Land Encompassed within John Brown Warrant

59. The Western and Middle tracts of land within the John Brown Warrant, the title to which ultimately vested in Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc., as outlined above, are now identified by Tax Parcel 06-212-101. (See, ECF No. 41, pp. 8, 20-21, and ECF No. 46 and ECF No. 47).

60. The Eastern tract of land within the John Brown Warrant, through which the Proctor Heirs claim their reserved subsurface oil and gas interest, is now identified by Tax Parcel 06-212-100. (Id.).

## IV. Anadarko's Leased Interest to Subsurface Natural Gas Rights of Tax Parcel 06-212-101 (encompassing the Western and Middle tracts of the John Brown Warrant)

61. By Paid-Up Oil and Gas Lease, dated August 7, 2007, and filed September 10, 2007 as Instrument 200700014293 or DR 6128/336, Wallis Run Hunting Club, Inc., the owner of Tax Parcel 06-212-101, executed an oil and gas lease in favor of Chesapeake Appalachia, L.L.C. (See, Instrument 200700014293

or DR 6128/336 at ECF NO. 50, pp. 2-5). (See also, ECF No. 46 and ECF No. 47).

62. As outlined in the Abstract of Title, Anadarko received its interest in said Oil and Gas Lease by way of partial assignment, such that Anadarko acquired an undivided 59.221698 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit. (See Instrument No. 201400010572, Book 8400 Page 191 at ECF No. 45, p. 2). (See also, ECF No. 46 and ECF No. 47).

63. Further, through partial assignment, Anadarko acquired an undivided 33.75 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies within the Second Amended Salt Run Hunting Club A Unit. (See Instrument No. 201500011862, Book 8727 Page 82 at ECF No. 45, p. 102). (See also, ECF No. 46 and ECF No. 47).

64. Further, through partial assignment, Anadarko acquired an undivided 67.5 percent interest in the subsurface natural gas rights in, on and under the Leased Property, insofar and only insofar as the Leased Property lies outside of the aforementioned Second Amended Wallis Run Hunt Club Pad "A" North Pooled Unit and the Second Amended Salt Run Hunting Club A Unit. (Id.).

## V. Proctor Heirs Cannot Establish Title to Oil and Gas Interests Lying Underneath Current Tax Parcel 06-212-101.

65. The acreage in Tax Parcel 06-212-101 of 331 acres approximately equals the combined stated acreage of the March 30, 1857 Whitaker deed at 212 acres and the October 1, 1857 deed at 100 acres. (See also, ECF No. 46 and ECF No. 47).

66. The acreage in Tax Parcel 06-212-100 of 120 acres approximately equals the combined stated acreage of the March 30, 1857 John F. Meyer deed at 100 acres. (See also, ECF No. 46 and ECF No. 47).

67. In the 160 years since the McCawley conveyances, none of the grantees or their successors has ever treated the deeds as conveying the erroneous amount of land described by the metes and bounds language of the John F. Meyer Deed, until now. (See, ECF No. 46 and ECF No. 47).

68. There is no evidence that the Proctor heirs ever previously challenged or asserted any rights with respect to oil and gas below the surface of what is now Tax Parcel 06-212-101. In this regard, it should be noted in particular that the Wallis Run Hunting Club, Inc. executed the following prior oil and gas leases with respect to Tax Parcel 06-212-101: Lease dated August 10, 1982 in favor of Delta Drilling Company (DR 1019/229), Lease dated May 22, 1987 in favor of Douglas Exploration, Inc. (DR 1208/92), and Lease dated July 29, 2002 in favor of Phillips Production Company (DR 4427/30). (See, citations to Oil and Gas Leases listed in

Rudoy's October 26, 2010 title opinion, Section III at ECF No. 46, pp. 47-50).

(See also, ECF No. 46 and ECF No. 47).

Respectfully submitted,

McQUAIDE BLASKO, INC.

Dated: December 20, 2017

By: s/Suzette V. Sims

John A. Snyder, Esquire
I.D. No. 66295
jasnyder@mqblaw.com
Suzette v. Sims, Esquire
I.D. No. 210355
svsims@mqblaw.com
811 University Drive
State College, PA 16801
Phone: (814) 238-4926
Fax: (814) 234-5620

Attorneys for Defendant
Anadarko E&P Onshore LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR., as Trustees for The Margaret O.F. Proctor Trust, Plaintiffs, | : | Civil Action No. 3:16-cv-01182-MEM<br>Judge Malachy E. Mannion<br>Complaint filed: 06/17/16 |
| vs. | : | ***Electronically Filed*** |
| ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., and WALLIS RUN GAS and OIL, INC., Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Anadarko E&P Onshore LLC's Statement of Material Facts in Support of Motion for Summary Judgment in the above-captioned matter was served this 20th day of December, 2017, to the attorneys/parties of record via ECF as follows:

Laura A. Lange, Esquire
Paul K. Stockman, Esquire
McGuire Woods LLP
625 Liberty Avenue, 23rd Floor
EQT Plaza
Pittsburgh, PA 15222
(412) 667-7941
llange@mcguirewoods.com
pstockman@mcguirewoods.com
(For Plaintiffs)

Thomas C. Marshall, Esquire
Thomas E. Robins, Esquire
McNerney, Page, Vanderlin & Hall
433 Market Street
P.O. Box 7
Williamsport, PA 17703
(570) 326-6555
tmarshall@mpvhlaw.com
trobins@mpvhlaw.com
(For Defs. Wallis Run Hunting Club, Inc. and
Wallis Run Gas and Oil, Inc.)

McQUAIDE BLASKO, INC.

By: s/Suzette V. Sims
John A. Snyder, Esquire
I.D. No. 66295
jasnyder@mqblaw.com
Suzette v. Sims, Esquire
I.D. No. 210355
svsims@mqblaw.com
811 University Drive
State College, PA 16801
Phone: (814) 238-4926
Fax: (814) 234-5620

Attorneys for Defendant
Anadarko E&P Onshore LLC