IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. as Trustees for The Margaret O.F. Proctor Trust,<br><br>Plaintiffs,<br><br>v.<br><br>ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.<br><br>Defendants. | Civil Action No. 16-1182 |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.1, Plaintiffs Trustees of the Thomas E. Proctor Heirs Trust and Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor Trusts") identify the following undisputed material facts in support of their Motion for Partial Summary Judgment.

1. The property at issue in this case (the "Subject Property") is part of the John Brown Warrant, and is located in Lycoming County. *See* Defendants Wallis Run Hunting Club, Inc.'s and Wallis Run Gas and Oil, Inc.'s Answer to Plaintiffs' Complaint with Affirmative Defenses and Counterclaim ("Wallis Run Answer," ECF No. 17) ¶ 67.

- 1 -

2. On March 30, 1857, John McCawley and his wife Elizabeth conveyed the surface and subsurface estate of the Subject Property to John Meyer in a deed recorded on May 15, 1857 in Lycoming County Deed Book 38, page 295 (the "Meyer Deed"), Exhibit A hereto (a true and correct copy of the Meyer Deed as produced by Defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc. (collectively, "Wallis Run") in this action).

3. The Meyer Deed included the following legal description of the property it conveyed, the Subject Property at issue here:

> Beginning at a Beech original north East corner of tract in the warrantee name of John Brown then South one hundred and ninety to Beech original South East corner of said tract then west one hundred and seventy three and one half perches to a post then north one hundred and ninety to a post, then east one hundred and seventy three and one half perches to the Beech the place of Beginning.

*Id.*

4. The legal description in the Meyer Deed defines a tract containing 206 acres. Declaration of Andrew J. Grafton ("Grafton Dec."), Exhibit B hereto, ¶¶ 2-3 (incorporating the Expert Report of Andrew J. Grafton, including paragraphs 11-13).

5. In their Answer, Wallis Run, through which Defendant Anadarko E&P Onshore LLC ("Anadarko") claims its interest, admits that the Meyer Deed "described, in metes and bounds, the surface as containing two hundred six (206) acres." Wallis Run Answer (ECF No. 17), ¶¶ 12, 73.

6. On March 30, 1857, John McCawley conveyed another portion of the John Brown Warrant to Conrad Whitaker in a deed recorded on May 20, 1857 in Lycoming County Deed Book 38, page 301 (the "Whitaker Deed"), Exhibit C hereto (a true and correct copy of the Whitaker Deed as produced by Wallis Run in this action).

7. The Whitaker Deed provides the following legal description of the tract it conveyed:

> Beginning at a post thence West three hundred and forty seven perches to a post; thence North along other land of said John McCawley one hundred and ninety perches to a post; thence East along South line of Warrantee Alexander Wilcox three hundred and forty seven perches to a post; thence South along land of _____ one hundred and ninety perches to a post the place of Beginning containing two hundred and twelve acres Strict Measure the Same being a Middle Portion of tract surveyed in the Warrantee name of John Brown….

*Id.*

8. On October 1, 1857, John McCawley conveyed another portion of the John Brown Warrant to F.W. Meier in a deed recorded on January 22, 1858 in Lycoming County Deed Book 38, page 776 (the "F.W. Meier Deed"), Exhibit D hereto (a true and correct copy of the F.W. Meier Deed as produced by Wallis Run in this action).

9. The F.W. Meier Deed provides the following legal description of the tract it conveyed:

> Beginning at a Hemlock original corner of tract John Brown and John Barry; thence North one hundred and eighty six

- 3 -

> perches to a Linn Stump an original corner of tracts John
> Brown and Alexander Wilcox; thence East along a line of last
> named tract ninety seven and a half perches to a post corner of
> land lately conveyed by said John McCawley and wife to
> Conrad M. Whitaker; thence South by lands now or late of said
> Whitaker one hundred and eighty six perches to a post ; thence
> West ninety seven and a half perches to Hemlock the place of
> Beginning containing one hundred and seven and a half acres
> (more or less) and allowance of six percent for roads etc. the
> said lot hereby conveyed being taken off of the West End of
> said tract warranted in the name of John Brown and conveyed
> to the said McCawley and his wife by Edward R. Mayer and
> his wife.

*Id.*

10. On May 13, 1871, John F. Meyer and his wife Mary M. Meyer conveyed the surface and subsurface of the Subject Property to Thomas E. Proctor in a deed recorded in Lycoming County Deed Book 64, page 413 (the "Proctor Deed"), Exhibit E hereto (a true and correct copy of the Proctor Deed as produced by Wallis Run in this action).

11. The Proctor Deed provides the following legal description of the tract it conveyed:

> Beginning at a Beech original north East corner of tract in the
> warrantee name of John Brown. Thence south one hundred and
> ninety perches to Beech original south East corner of said tract.
> Thence west one hundred and seventy three and one half
> perches to a post thence north one hundred and ninety perches
> to post Thence east one hundred and seventy three and one half
> perches to Beech the place of Beginning containing one
> hundred acres and allowance of six percent be the same more or
> less.

*Id.*

12. On October 2, 1894, Thomas E. Proctor and his wife Emma H. Proctor subsequently conveyed title to the surface of the Subject Property, among other properties, to Elk Tanning Company in a Warranty Deed recorded at Lycoming County Deed Book 144, Page 398 (the "Elk Tanning Deed"), Exhibit F hereto (a true and correct copy of the Elk Tanning Deed as produced by Wallis Run in this action).

13. The Elk Tanning Deed provides, as material here, the following legal description of one of the tracts it conveyed:

> Beginning at a Beech original north East corner of tract in the warrantee name of John Brown: thence south one hundred and ninety perches to Beech original south east corner of said tract: thence west one hundred and seventy three and one half perches to a post: thence north one hundred and ninety perches to post: thence east one hundred and seventy three and one half perches to Beech the place of beginning containing one hundred acres and allowance of six percent be the same more or less.

*Id.*

14. The Elk Tanning Deed excepted and reserved to Thomas E. Proctor, his heirs and assigns "all the natural gas, coal, coal-oil, petroleum, marble and all minerals of every kind and character…". *Id.*

15. The Proctor Trusts have succeeded to Thomas E. Proctor's interest, as reserved in the Elk Tanning Deed. Declaration of Charles Rice Kendall ("Kendall Dec."), attached as Exhibit G hereto, ¶¶ 2-4.

16. Anadarko claims an interest in the Subject Property pursuant to an oil and gas lease between the Wallis Run Defendants and Chesapeake

Appalachia, LLC. Answer, Affirmative Defenses and Counterclaims of Defendant Anadarko E&P Onshore LLC to Plaintiffs' Complaint (ECF No. 22), ¶¶ 83-84.

17. Anadarko has begun drilling activities and produced natural gas on the Subject Property. *See* Wallis Run Answer (ECF No. 17), ¶¶ 19, 21 (admitting that Anadarko "has begun drilling activities on an under the Wallis Run property" and that "natural gas has been produced on the Wallis Run property"); Answer, Affirmative Defenses and Counterclaims of Defendant Anadarko E&P Onshore LLC to Plaintiffs' Complaint (ECF No. 22), ¶¶ 19-21 (admitting that Anadarko "has begun drilling activities on the Leased Property" and "has produced natural gas on the leased property").

Dated: December 20, 2017

Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange
   Pa. ID No. 310733
Paul K. Stockman (admitted *pro hac vice*)
   Pa. ID No. 66951
McGuireWoods LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Fax: (412) 667-6050
llange@mcguirewoods.com
pstockman@mcguirewoods.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANADARKO E&P ONSHORE LLC, *et al.*, <br><br> Defendants. | Civil Action No. 16-1182- MEM <br><br> Judge Malachy E. Mannion <br><br> Complaint filed: 06/17/16 <br><br> Electronically Filed |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment in the above-captioned matter was served this 20th day of December, 2017, to the attorneys/parties of record via ECF as follows:

| | |
|---|---|
| Thomas C. Marshall, Esquire <br> Thomas E. Robins, Esquire <br> McNerney, Page, Vanderlin & Hall <br> 433 Market Street <br> P.O. Box 7 <br> Williamsport, PA 17703 <br> (570) 326-6555 <br> tmarshall@mpvhlaw.com <br> trobins@mpvhlaw.com <br><br> *Defs. Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.* | John A. Snyder, Esquire <br> Suzette v. Sims, Esquire <br> McQUAIDE BLASKO, INC. <br> jasnyder@mqblaw.com <br> svsims@mqblaw.com <br> 811 University Drive <br> State College, PA 16801 <br> Phone: (814) 238-4926 <br> Fax: (814) 234-5620 <br><br> *Attorneys for Defendant Anadarko E&P Onshore LLC* |

/s/ Laura A. Lange

- 7 -