**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. as Trustees for The Margaret O.F. Proctor Trust,<br><br>Plaintiffs, | |
| v. | Civil Action No. 16-1182 |
| ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.<br><br>Defendants. | Judge Malachy E. Mannion |

**PLAINTIFFS' RESPONSE TO DEFENDANT ANADARKO E&P ONSHORE LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND ANDARKO'S STATEMENT OF ADDITIONAL FACTS**

Pursuant to Local Civil Rule 56.1, Plaintiffs Trustees of the Thomas E. Proctor Heirs Trust and Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor Trusts") respond as follows to Defendant Anadarko E&P Onshore LLC's Statement of Material Facts in Support of Motion for Summary Judgment (ECF No. 51) and to the Statement of Additional Facts set forth in Defendant Anadarko E&P Onshore LLC's Response to Plaintiffs' Undisputed Statement of Material Facts in Support of Motion for Partial Summary Judgment (ECF No. 60), which are identical:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. The Proctor Trusts do not dispute that the Proctor Trusts own certain subsurface property rights pursuant to a deed from John McCawley *et ux.* to John F. Meyer dated March 30, 1857, recorded in the Lycoming County deed records at Volume 38, Page 295 (the "Meyer Deed"), and that the Meyer Deed's property description in metes and bounds circumscribes a land area larger than the stated acreage in the Meyer Deed.

The Proctor Trusts do dispute that the property description in the Meyer Deed is "erroneous" or that it has "since been disregarded."

By way of further response, the Rule 26(a)(2) Expert Disclosures ("Rule 26(a) Disclosures") (ECF No. 46) and Supplemental Expert Report of Bruce F. Rudoy ("Supplemental Rudoy Report") (ECF No. 47) submitted by Anadarko E&P Onshore LLC ("Anadarko") are not competent evidence for purposes of Anadarko's motion for summary judgment, and the Court should disregard those documents and any statements purported to be established by those documents.

- The Rule 26(a) Disclosures and Supplemental Rudoy Report are unsworn, and an unsworn expert opinion is not proper evidence for consideration in connection with summary judgment. *See, e.g., Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (holding that an

unsworn expert report "is not competent to be considered on a motion for summary judgment"); *Gonzalez v. Thomas Built Buses, Inc.*, 934 F. Supp. 2d 747, 752 (M.D. Pa. 2013) (refusing to consider an unsworn expert report in connection with a motion for summary judgment); *Bock v. CVS Pharm., Inc.*, No. 07-CV-412, 2008 WL 3834266, at *3 (E.D. Pa. Aug. 14, 2008) (refusing to consider an unsworn expert opinion on summary judgment); *Jackson v. Egyptian Navigation Co.*, 222 F. Supp. 2d 700, 709 (E.D. Pa. 2002) (holding an unsworn expert report "does not meet the requirements of Fed. R. Civ. P. 56(e) and 'is not competent to be considered on a motion for summary judgment'") (citing *Fowle*, 868 F.2d at 67). As such, the Court should refuse to consider the Rule 26(a) Disclosures and Supplemental Rudoy Report in connection with Anadarko's Motion for Summary Judgment.[1]

- Second, the Rule 26(a) Disclosures and Supplemental Rudoy Report are inadmissible speculation as to the intention of Mr. and Mrs. McCawley in 1857, looking at nothing but the deeds themselves. Courts have refused to consider on summary judgment expert reports that are nothing more than mere speculation. *See, e.g., 151 E. Leaming Ave. Condo Ass'n v. QBE Specialty Ins. Co.*, No. 14-175,

[1] By contrast, the Proctor Trusts' expert certified the accuracy of his report under penalty of perjury by declaration. *See* Declaration of Andrew J. Grafton (ECF No. 56-2).

2015 WL 3795648, at *4 (D.N.J. June 18, 2015) (striking expert report and refusing to consider it on summary judgment because it consisted of "subjective beliefs and unsupported speculation").

- Third, the Rule 26(a) Disclosures and Supplemental Rudoy Report are pure and unadorned legal opinions as to the legal effect of the various instruments at issue here, citing and relying on case law and drawing legal conclusions based upon that case law. As such, these are nothing more than legal argument masquerading as an expert opinion, and it is clear that "an expert witness is prohibited from rendering a legal opinion." *Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). *See also VIM, Inc. v. Somerset Hotel Ass'n*, 19 F. Supp. 2d 422, 427 n.4 (W.D. Pa. 1998), *aff'd*, 187 F.3d 627 (3d Cir. 1999) (stating "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts"). Such legal opinion is particularly inappropriate for consideration upon a motion for summary judgment. *See, e.g., Gangwal v. Folster*, No. 1:14-cv-02002, 2017 U.S. Dist. LEXIS 53800, at *44 (M.D. Pa. Apr. 6, 2017) ("We will not consider [Plaintiff's expert's] legal conclusions in connection with the motion for summary judgment."); *Airlines Reporting Corp. v. Belfon*, No. 2003/146, 2010 WL 3664065, at *26 (D.V.I. Sept. 16, 2010) (stating that "when an expert purports to testify as to the ultimate *legal* issue, that testimony is not admissible and should not be considered on

summary judgment") (emphasis in original); *Transportes Aereos Pegaso v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009) (refusing to consider expert testimony that renders a legal opinion on a motion for summary judgment); *VIM*, 19 F. Supp. 2d at 427 n.4 (refusing to consider the expert opinion of an attorney and retired judge on a legal standard "as factual evidence on a motion for summary judgment"); *see also Burger v. Showtime Motor Sports, Inc.*, No. 3:10-CV-163, 2012 U.S. Dist. LEXIS 10798, at *16 (M.D. Pa. Jan. 30, 2012) (finding plaintiff's expert's legal opinion insufficient to defeat summary judgment).

8. The Proctor Trusts do not dispute, for purposes of the pending motion, that Anadarko claims an interest in the subsurface rights at issue as successor in interest to a lease from Wallis Run Hunting Club, Inc. to Chesapeake Appalachia, L.L.C.

The Proctor Trusts do dispute any facts purported to be established by the Abstract of Title (ECF Nos. 41-45) submitted by Anadarko, which is not competent evidence for purposes of Anadarko's motion for summary judgment, and the Court should disregard those documents and any statements purported to be established by those documents. As an initial matter, the preparer of the Abstract of Title specifically stated that "I do not certify the accuracy of such." *See* Certification Letter (ECF No. 41, at 6). Further, the purported instruments appended to the Abstract of Title are not authenticated in any manner. *Cf.* Fed. R. Evid. 902(4) (providing that a document recorded or filed in a public office is self-

authenticated only if certified as correct by its custodian or another authorized person).

The Proctor Trusts further dispute any effort to support a statement of fact solely with respect to the proffering party's own pleading, as Anadarko purports to do in Paragraph 8 by citing to its own Answer (ECF No. 22). It is clear that a party cannot establish an entitlement to summary judgment merely by relying on its own unsworn pleadings. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

9. Undisputed.

10. The Proctor Trusts do not dispute that the John Brown Warrant was initially described as containing 407.75 acres (plus an allowance of six percent). The Proctor Trusts do dispute the remaining statements in Paragraph 10, on the ground that they are not supported by evidence presented in a form that would be admissible, in that those allegations are supported solely by the Abstract of Title (ECF No. 41), which is inadmissible for the reasons stated in Paragraph 8 *supra*.

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed. The Proctor Trusts do dispute any inferences that Anadarko seeks to draw from the statements in Paragraph 24 (and, in particular, the inference that the stated acreage in the deeds, and not the deeds' metes and bounds property descriptions, reflects the intent of the grantor).

25. Undisputed. The Proctor Trusts do dispute any inferences that Anadarko seeks to draw from the statements in Paragraph 25 (and, in particular, the inference that the stated acreage in the deeds, and not the deeds' metes and bounds property descriptions, reflects the intent of the grantor).

26. Undisputed. The Proctor Trusts do dispute any inferences that Anadarko seeks to draw from the statements in Paragraph 26 (and, in particular, the inference that the stated acreage in the deeds, and not the deeds' metes and bounds property descriptions, reflects the intent of the grantor).

27. The Proctor Trusts do not dispute that John F. and Mary M. Meyer conveyed a portion of the John Brown Warrant to Thomas E. Proctor by deed dated May 30, 1871. The Proctor Trusts dispute that this deed conveyed only 100 acres; in fact, the deed by its terms states that it conveys a specifically-described tract of land that contains 206 acres.

28. The Proctor Trusts do not dispute that Thomas E. Proctor conveyed a portion of the John Brown Warrant to Elk Tanning Company by deed dated October 2, 1894, and that Mr. Proctor excepted and reserved all of the natural gas, coal, coal oil, petroleum, marble and all minerals of every kind and character. The Proctor Trusts dispute that this deed conveyed only 100 acres; in fact, the deed by its terms states that it conveys a specifically-described tract of land that contains 206 acres.

29. Undisputed.

30. The Proctor Trusts do not dispute that they are heirs of Thomas E. Proctor, because they are in fact the heirs of Thomas E. Proctor. *See* Declaration of Charles Rice Kendall (ECF No. 56-7).

31. Undisputed.

32. The statement in Paragraph 32 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by a successor-in-title in 1904 does not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 32 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

33. The statement in Paragraph 33 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.*

in 1857. By way of further response, the statement in Paragraph 33 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

34. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the deed to Conrad M. Whitaker dated March 30, 1857 and recorded on May 20, 1857 (the "Whitaker Deed").

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 34 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 34 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

35. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 35 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.*

in 1857. By way of further response, the statement in Paragraph 35 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

36. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 36 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 36 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

37. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 37 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 37 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

38. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 38 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 38 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

39. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 39 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 39 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

40. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 40 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 40 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

41. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 41 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 41 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

42. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 42 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 42 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

43. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 43 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 43 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

44. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 44 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 44 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

45. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the Whitaker Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 45 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 45 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

46. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the deed to F.W. Meier dated October 1, 1857 and recorded on January 22, 1858 (the "F.W. Meier Deed").

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 46 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 46 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

47. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 47 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 47 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

48. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 48 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 48 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

49. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 49 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 49 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

50. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 50 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 50 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

51. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 51 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 51 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

52. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 52 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 52 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

53. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 53 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 53 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

54. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 54 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 54 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

55. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 55 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 55 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

56. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 56 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 56 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

57. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 57 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 57 is not

supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

58. The Proctor Trusts do not dispute that Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. have succeeded to the property rights described in the F.W. Meier Deed.

By way of further response, any further inference that Anadarko seeks to draw from the statement in Paragraph 58 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any acts or statements by successors-in-title do not reflect the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 58 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

59. The statement in Paragraph 59 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any subsequent designations of the surface for real property tax purposes are immaterial to the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 59 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

60. The statement in Paragraph 60 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any subsequent

designations of the surface for real property tax purposes are immaterial to the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 60 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

61. Undisputed.

62. The Proctor Trusts do not dispute that Anadarko obtained an undivided interest in subsurface rights owned by Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc., to the extent Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. actually own such rights. By way of further response, the specific statement in Paragraph 62 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

63. The Proctor Trusts do not dispute that Anadarko obtained an undivided interest in subsurface rights owned by Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc., to the extent Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. actually own such rights. By way of further response, the specific statement in Paragraph 63 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra.*

64. The Proctor Trusts do not dispute that Anadarko obtained an undivided interest in subsurface rights owned by Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc., to the extent Wallis Run Hunting Club, Inc. and/or Wallis Run Gas and Oil, Inc. actually own such rights. By way of further

response, the specific statement in Paragraph 64 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

65. The statement in Paragraph 65 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any subsequent designations of the surface for real property tax purposes are immaterial to the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 65 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

66. The statement in Paragraph 66 is not a fact that is material to the outcome of Anadarko's Motion for Summary Judgment, in that the construction of the deeds at issue turns only upon the intent of the grantor, and any subsequent designations of the surface for real property tax purposes are immaterial to the intent of John McCawley *et ux.* in 1857. By way of further response, the statement in Paragraph 66 is not supported by evidence presented in a form that would be admissible, for the reasons stated in Paragraphs 7 and 8 *supra*.

67. Disputed. From 1857 through at least 1895, there is no evidence that any landowner ever challenged the property description contained in the Meyer Deed. Thereafter, the heirs of Thomas E. Proctor have been managing and leasing the property described in the Meyer Deed for more than 120 years, including through multiple leases dating back to 1980 at the latest. By way of further response, the Proctor Trusts sought to enforce their rights once they learned that a

trespasser upon their rights was attempting to produce from the Proctor Trusts' property. *See* Declaration of Charles Rice Kendall in Opposition to Defendants' Motions for Summary Judgment ("Kendall Dec."), ¶¶ XX-XX.

68. Disputed. In fact, the Proctor Trusts have repeatedly asserted their rights to the property described in the Meyer Deed, dating back to 1980 at the latest, and the property described in the Meyer Deed has been nearly continuously subject to leases given by the Proctor Trusts ever since. [more]

**Additional Material Facts:**

69. The Meyer Deed reflects an actual survey, for the following reasons:

a. There are plottable descriptions and a description that closes when plotted. This is uncommon for deeds in this area *circa* 1857. Most deeds that were conveying parts of warrants simply listed a few bounded-bys and a rough acreage.

b. There is one complete common line between the John Brown Warrant and the Meyer deed, the eastern boundary. This line was surveyed at a length of 186 perches when the warrants were originally surveyed. The Meyer deed lists this line as being 190 perches. The fact that these measurements are slightly different leads to the conclusion that the Meyer tract was in fact surveyed at the time of or prior to the 1857 conveyance.

*See* Expert Report of Andrew J. Grafton (ECF No. 56-2), at 7 of 15, *sworn to by* Declaration of Andrew J. Grafton (ECF No. 56-2); *see also* Meyer Deed (ECF No. 56-1).

70. Because the Meyer Deed and Whitaker Deed reflect actual surveys, the legal descriptions listed in those deed are more credible and should be followed. *See* Expert Report of Andrew J. Grafton (ECF No. 56-2), at 7 of 15, *sworn to by* Declaration of Andrew J. Grafton (ECF No. 56-2).

71. Conversely, if the Meyer Deed was intended to convey simply a 100-acre portion of the John Brown Warrant, there likely would not have been a solid legal description of the sort present in the Meyer Deed. *See* Expert Report of Andrew J. Grafton (ECF No. 56-2), at 7 of 15, *sworn to by* Declaration of Andrew J. Grafton (ECF No. 56-2).

72. Further supporting the conclusion that the Meyer Deed and Whitaker Deed reflected John McCawley's intention, based upon an actual survey, is the fact that the metes and bounds of the two parcels conveyed by the Meyer Deer and Whitaker Deed adjoin each other and do not overlap. By contrast, the F.W. Meier Deed shares no corners or courses with the Meyer Deed or Whitaker Deed. *See* Expert Report of Andrew J. Grafton (ECF No. 56-2), at 15 of 15, *sworn to by* Declaration of Andrew J. Grafton (ECF No. 56-2).

73. There is no evidence to suggest that any landowner, from 1857 through at least 1895, ever challenged the property description contained in Meyer Deed. *See* Supplemental Declaration of Charles Rice Kendall ("Supp. Kendall Dec.," Exhibit A hereto), ¶3

74. The heirs of Thomas E. Proctor, including Plaintiffs, have repeatedly asserted their rights to the property described in the Meyer Deed, and have been managing, leasing, transferring and selling the property described in the Meyer

Deed for more than 120 years, including through leases dating back to 1980 at the latest. Supp. Kendall Dec., ¶ 3.

a. By lease dated January 1, 1980, and recorded on November 3, 1981, Charles G. Rice *et al.* leased the subsurface estate conveyed by the Meyer Deed, as excepted and reserved by Thomas E. Proctor, to Exxon Corporation. This lease was recorded in the Lycoming County Deed Records at volume 994, page 81. Supp. Kendall Dec., ¶ 3.a & Ex. A.

b. By lease dated June 17, 2002, and recorded on August 8, 2002, C.G. Rice and Alvin Hochberg, as trustees of the Thomas E. Proctor Heirs Trust, leased an undivided eleven-sixteenth of the subsurface estate conveyed by the Meyer Deed, as excepted and reserved by Thomas E. Proctor, to Lancaster Exploration & Development Company, L.L.C. This lease was recorded in the Lycoming County Deed Records at volume 4262, page 241. Supp. Kendall Dec., ¶ 3.b & Ex. A.

c. By lease dated July 23, 2002, and recorded on September 13, 2002, Alvin Hochberg and Boston Safe Deposit & Trust Company, as trustees of the Thomas E. Proctor Trust under will dated August 19, 1936, leased an undivided one-fourth interest in the subsurface estate conveyed by the Meyer Deed, as excepted and reserved by Thomas E. Proctor, to Lancaster Exploration & Development Company, L.L.C. This lease was recorded in the Lycoming County Deed Records at volume 4299, page 155. Supp. Kendall Dec., ¶ 3.c & Ex. C.

75. At no point prior to July 2014 did the PHT know that Defendants

challenged the extent of the property rights conveyed by the Meyer Deed. Supp. Kendall Dec., ¶ 4.

a. In November 2012, in connection with discussions with Anadarko on other matters, the PHT inquired about the Declaration of Pooled Unit for the Wallis Run Hunting Club Pad A North Unit. After being provided with a map of the proposed unit, the PHT identified parcels included in the unit whose subsurface rights were owned by Plaintiffs (including that part of the property covered by the Meyer Deed that it at issue here). Supp. Kendall Dec., ¶ 4.a & Ex. D.

b. I received no response from Anadarko for more than a year, and so reached back out to Anadarko in January 2014. *See id.* On January 31, 2014, I sent a letter to Anadarko, inquiring about Anadarko's title records for three parcels included (in whole or in part) in the Wallis Run Hunting Club Pad A North Unit. Supp. Kendall Dec., ¶ 4.b & Ex. E.

c. By letter dated February 21, 2014, Anadarko responded, stating that the PHT "states a claim . . . which is contrary to the ownership reflected in Anadarko's records." The letter did not, however, identify the basis for Anadarko's conclusion and declined to share the results of Anadarko's title work. Supp. Kendall Dec., ¶ 4.c & Ex. F.

d. Shortly thereafter, on July 31, 2014, Anadarko representatives and PHT representatives (including me) participated in a conference call to discuss various property rights issues, including the John Brown Warrant. This was the first time that the PHT was informed that Anadarko believed

that the PHT's deed did not cover the 206 acres encircled by the metes and bounds description in the Meyer Deed.  Supp. Kendall Dec., ¶ 4.d.

e. During the July 31, 2014 telephone call, the PHT agreed to investigate the matter and provide Anadarko with an updated position.  At the time, the PHT did not have the 1857 Meyer Deed at issue here, and was required first to obtain this deed and then to analyze them and research the parties' position.  Supp. Kendall Dec., ¶ 4.e.

f. Following this effort, I wrote a letter to Anadarko on May 28, 2015, setting out the PHT's position, but offering to consider additional information that Anadarko could provide to explain the parties' differing conclusions.  Supp. Kendall Dec., ¶ 4.f & Ex. G.

g. On June 24, 2015, Anadarko responded, stating that it was "currently evaluating your position and the title history on the subject tract, and will respond to you in the near future."  Supp. Kendall Dec., ¶ 4.g & Ex. H.

h. On December 8, 2015, after no response had been received, our counsel sent a letter to Anadarko, proposing a tolling agreement to allow the parties' discussions to continue.  Supp. Kendall Dec., ¶ 4.h & Ex. I.

i. By e-mail messages on December 11, 2015, counsel for Anadarko and counsel for the PHT consummated a tolling agreement.  In this exchange of correspondence, counsel for Anadarko stated that "we are finalizing our review of this matter and will get back to you shortly with our response."  Supp. Kendall Dec., ¶ 4.i & Ex. J.

j. The PHT's discussions with Anadarko were ongoing in February 2016, when counsel for Wallis Run threatened litigation, prompting Plaintiffs to file this lawsuit. Supp. Kendall Dec., ¶ 4.j.

76. Plaintiffs sought to enforce their rights and resolve their dispute with Defendants only after they learned that Defendants were attempting to produce gas from the Proctor Trusts' subsurface, and only after efforts to understand the parties' competing positions and to resolve the matter amicably. Supp. Kendall Dec., ¶ 5.

Dated: March 21, 2018

Respectfully submitted,

/s/ *Paul K. Stockman*


Paul K. Stockman (admitted *pro hac vice*)
Pa. ID No. 66951
KAZMAREK MOWREY CLOUD LASETER LLP
One PPG Place, Suite 3100
Pittsburgh, PA 15222
pstockman@kmcllaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court this 21st day of March, 2018 via the Court's CM/ECF system, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system. Any persons so designated on the ECF receipt will be served by first class mail.

/s/ *Paul K. Stockman*