**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL, et al.** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:16-1182** |
| v. | : | **(JUDGE MANNION)** |
| **ANADARKO E&P ONSHORE LLC, et al.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Pending before the court are defendant Anadarko E&P Onshore LLC's ("Anadarko") motion for summary judgment (Doc. 40), defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.'s (collectively "Wallis Run") motion for summary judgment (Doc. 52), and plaintiffs Charles Rice Kendall and Ann P. Hochberg—trustees of the Thomas E. Proctor Heirs Trust—as well as Bank of America, N.A., and John J. Slocum, Jr.'s—trustees of the Margaret O.F. Proctor Trust—(collectively "plaintiffs") motion for partial summary judgment (Doc. 54). Based on the following, Anadarko's motion (Doc. 40) shall be **DENIED**, Wallis Run's motion (Doc. 52) shall be **DENIED**, plaintiffs' motion (Doc. 54) shall be **DENIED**, and plaintiffs' quiet title claims shall be **DISMISSED**.

## I. PROCEDURAL HISTORY

Plaintiffs filed a six-count complaint sounding in oil and natural gas rights on June 17, 2016. (Doc. 1). On August 29 and September 22, 2016, Wallis Run and Anadarko, respectively, each filed an answer with counterclaims seeking a declaratory judgment and to quiet title against plaintiffs. (Doc. 17; Doc. 22). On September 19, 2016, plaintiffs filed an answer to Wallis Run's counterclaims. (Doc. 21). Then, on October 13, 2016, plaintiffs filed an answer to Anadarko's counterclaims. (Doc. 25).

### A. Anadarko's Motion for Summary Judgment

Anadarko filed a motion for summary judgment (Doc. 40) and statement of facts (Doc. 51) on December 20, 2017, as well as a brief in support of its motion (Doc. 59) on January 10, 2018. Then, on March 21, 2018, plaintiffs filed a brief in opposition of Anadarko's motion (Doc. 75) and a counter-statement of facts (Doc. 76).[1] On April 4, 2018, Anadarko filed a reply brief in support of its motion. (Doc. 80). This motion is now ripe for disposition.

---

[1] Plaintiffs improperly filed their brief in opposition to Anadarko's motion for summary judgment and reply brief in support of their motion for partial summary judgment as one document. (Doc. 75). Under Local Rule 7.8(a) in the Middle District of Pennsylvania, "[n]o brief may incorporate by reference all or any portion of any other brief." M.D.Pa. L.R. 7.8(a). Any additional briefs filed by the parties shall be filed separately.

### B. Wallis Run's Motion for Summary Judgment

Also on December 20, 2017, Wallis Run filed a motion for summary judgment (Doc. 52) and supporting brief (Doc. 53).[2] On January 24, 2018, plaintiffs filed a brief in opposition to Wallis Run's motion. (Doc. 67). In response, Wallis Run filed a reply brief in support of its motion on April 4, 2018. (Doc. 79). As ordered by this court, Wallis Run filed a statement of facts on February 27, 2019. (Doc. 83) and plaintiffs filed a counter-statement of facts on March 1, 2019. (Doc. 84). This motion is now ripe for disposition.

### C. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed a motion for partial summary judgment (Doc. 54), a brief in support of their motion (Doc. 55), and a statement of facts (Doc. 56) also on December 20, 2017. Anadarko filed a counter-statement of facts (Doc. 60) and brief in opposition to plaintiffs' motion (Doc. 61) on January 17, 2018. Then, on January 24, 2018, Wallis Run filed a brief in opposition to plaintiffs'

---

[2] Wallis Run improperly included its statement of facts in its brief in support of its motion. (Doc. 53). Under Local Rule 56.1 in the Middle District of Pennsylvania, "[a] motion for summary judgment . . . shall be accompanied by a ***separate***, short and concise statement of the materials facts . . . ." M.D.Pa. L.R. 56.1 (emphasis added). On February 14, 2019, this court ordered Wallis Run to file a separate statement of facts (Doc. 81), which Wallis Run filed on February 27, 2019 (Doc. 83).

motion (Doc. 68) and a counter-statement of facts (Doc. 70).[3] Then, after receiving an extension of time, plaintiffs filed a reply brief on March 21, 2018. (Doc. 75). This motion is now ripe for disposition.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D.Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,*

---

[3] Even though Wallis Run's filings were late by seven days, the court does not find that this minor procedural defect causes prejudice to plaintiffs. As the interest of justice does not require the dismissal of Wallis Run's filings, the court will consider them as properly filed.

477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (explaining that a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); *see also* Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Federal Rule of Civil Procedure 56 mandates the entry of summary judgment because such a failure

"necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

Jurisdiction, in this case, is predicated upon diversity under 28 U.S.C. §1332, which applies when the parties are citizens of different states, and the amount in controversy is greater than $75,000. Sitting in diversity, the court must apply Pennsylvania law, as it governs the cause of action here. *Yurecka v. Zappala*, 472 F.3d 59, 62 (3d Cir. 2006) ("A federal court sitting in diversity is required to apply the substantive law of the state whose laws govern the action.").

### III. DISCUSSION[4]

In 1857, portions of a large tract of land known as the John Brown Warrant were conveyed through three separate deeds ("John Brown Deeds") to three individuals. Presently, plaintiffs allege ownership of the oil and gas rights of the land conveyed in one of the John Brown Deeds ("Plaintiffs' Deed"), and Wallis Run owns, among other things, the oil and gas rights of the land conveyed in the other two John Brown Deeds. In 2007, Wallis Run assigned a portion of the land originally from the John Brown Warrant ("Subject Property") to Anadarko through an oil and gas lease agreement.

---

[4] The court did not consider any unsworn expert reports in reaching its decision, as it is improper at the summary judgment stage. *See Fowle v. C&C Cola, a Div. of ITT-Continental Banking Co.*, 868 F.2d 59, 67 (3d Cir. 1989) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1970)).

Plaintiffs have brought the instant action asserting ownership of the oil and gas rights of the Subject Property alleging it was part of the Plaintiffs' Deed. Defendants argue Wallis Run owns these rights because the Subject Property was allegedly part of one of the other John Brown Deeds ("Wallis Run Deed").

Before proceeding on the merits on the instant motions, the court will address two jurisdictional issues discovered within plaintiffs' complaint. Plaintiffs allege both a quiet title and ejectment claim against Anadarko, as well as, a quiet title claim against Wallis Run. (Doc. 1). However, in Pennsylvania,

> "[i]t is procedurally improper to simultaneously commence both an action in ejectment and an action to quiet title regarding the same parcel of real estate." [*Plauchak v. Boling*, 653 A.2d 671, 674 (Pa.Super.Ct. 1995).] "Permitting an out-of-possession plaintiff to maintain an action to quiet title is impermissible because it constitutes an enlargement of the plaintiff's substantive rights as defined by statute, and thus exceed the court's jurisdiction to proceed." *Id.* [(citing *Sutton v. Miller*, 592 A.2d 83, 88-89 (Pa.Super.Ct. 1991))].] When an Action in Ejectment is maintained in conjunction with an Action to Quiet Title, the proper course of action is for the trial court to proceed solely on the Action in Ejectment.

*Siskos v. Britz*, 790 A.2d 1000, 1008 (Pa. 2002) (citations omitted). Here, plaintiffs seek only the subsurface rights of the Subject Property, which were leased by Wallis Run to Anadarko. Under Pennsylvania law, the one who possesses or "controls" the subsurface gas, between a lessor and lessee,

is the party who has it in their "grasp." Westmoreland & Cambria Nat. Gas Co. v. De Witt, 18 A. 724, 725 (Pa. 1889). Here, Anadarko controls and is in possession of the gas under the Subject Property under its lease agreement with Wallis Run. Also, Plaintiffs have not alleged they are in possession of or control the subsurface gas rights of the Subject Property, currently; and thus, qualify as "out-of-possession" plaintiffs. Therefore, plaintiffs' quiet title claims against Anadarko and Wallis Run shall be **DISMISSED** for lack of jurisdiction under Pennsylvania law.[5]

---

[5] "A party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, ***does not have a right*** to possess the land, and wishes to determine all rights in the land." Siskos, 790 A.2d at 699 (emphasis added); see also Pa.R.C.P. 1061. Here, plaintiffs' ejectment action against Anadarko alleges that plaintiffs ***do have a right*** to possess the subsurface rights. Thus, they cannot proceed with a quiet title action at this time.

Each of the remaining claims and counterclaims depend upon one central question—whether the Subject Property was part of the Plaintiffs' Deed or the Wallis Run Deed[6]. Typically this inquiry can be resolved by the language of each deed; however, in this instance, each deed alleged to contain the Subject Property contains discrepancies. The stated acreage of Plaintiffs' Deed is 100 acres, but the metes and bounds describe 206 acres. Likewise, the stated acreage of the Wallis Run Deed is 212 acres, but the metes and bounds describe 412.06 acres. These discrepancies are relevant to this case because the metes and bounds description of Plaintiffs' Deed includes the Subject Property, whereas Defendants' proposed reformation

---

[6] Anadarko alleges that the doctrine of laches bars plaintiffs' claims. (Doc. 59, at 16-17). "In the absence of prejudice to the one asserting laches, the doctrine will not be applied." *Brodt v. Brown*, 172 A.2d 152, 154 (Pa. 1961). The evidence presented herein fails to disclose any prejudice to Anadarko by reason of any delay on the part of plaintiffs in seeking legal relief. Since 2007 Anadarko has profited from its activities on the Subject Property and any delay has resulted in additional profit for Anadarko.

Anadarko also alleges that defendants' interest in the Subject Property is supported by the doctrine of adverse possession. (Doc. 59, at 17-19). To "achieve title to oil and natural gas by adverse possession, actual possession, meaning drilling and production, of the minerals must occur. *Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 36 (Pa.Super.Ct. 2015). In this case, Anadarko has merely alleged that Wallis Run entered into previous oil and gas leases but makes no mention of any further cultivation of the Subject Property. Therefore, Anadarko failed to meet the first element required under the doctrine of adverse possession—that there be actual possession on some part of the land at issue.

of the metes and bounds to reflect the stated acreage would exclude the Subject Property from Plaintiffs' Deed.

Plaintiffs argue that Pennsylvania law requires the legal description (metes and bounds) of Plaintiffs' Deed to control over a conflicting stated acreage. (Doc. 55, at 10) (citing *Hoover v. Jackson*, 524 A.2d 1367 (Pa.Super.Ct. 1987)). Specifically, plaintiffs cite the following quotation from the Supreme Court of Pennsylvania utilized by the Superior Court in *Hoover*:

> Evidence of the acreage of land, especially where, as in this case, the number of acres is followed by the words 'more or less' has little weight as against specific boundaries and is in its nature an uncertain method of description and often a mere estimate. Where, however, … a doubt exists as to the location of the boundary and the writing contains no words to definitely fix the line by either metes and bounds or monuments on the ground, evidence of acreage becomes a material factor in the determination of the intention of the parties….

*Hoover*, 524 A.2d at 1371-72 (quoting *Dawson v. Coulter*, 262 Pa. 566, 570 (1919) (emphasis added).

Defendants concede that when a court must correct a minor discrepancy between the stated acreage and legal description of a deed that the legal description shall prevail. Nevertheless, Defendants allege that, in this case, the stated acreage should prevail because the evidence reveals it is "the only logical conclusion" and "was the intent of the original grantor . . . ." (Doc. 53, at 9). Additionally, plaintiffs point out that neither *Hoover* nor

*Dawson* involve the allegation made by defendants here—that a mistake was made.

Without diving into all of the facts involved in this case dating back to the mid-1800s, the court finds that a genuine dispute of a material fact exists as to whether a mistake was made either by the scrivener or the original parties of the Plaintiffs' and Wallis Run Deeds. This case is not a proper one to decide at summary judgment. It is undisputed that the John Brown Warrant consisted of 432.45 plotted acres. The John Brown Warrant was conveyed through the John Brown Deeds, which together had a total stated acreage of 419.5 acres and a conflicting total plotted acreage of 731 acres. Therefore, even though the parties admit the legal description generally controls over the stated acreage of a deed, a reasonable jury may conclude that a mistake was made in this case and summary judgment is, therefore, not appropriate.

### IV. CONCLUSION

Based on the foregoing, Anadarko's motion (Doc. 40) shall be **DENIED**, Wallis Run's motion (Doc. 52) shall be **DENIED**, plaintiffs' motion (Doc. 54) shall be **DENIED**, and plaintiffs' quiet title claim against Anadarko and Wallis Run shall be **DISMISSED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 26, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1182-02.DOCX