702230

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and** | : | **CASE NO. 3:16-CV-01182** |
| **ANN P. HOCHBERG, as Trustees** | : | |
| **for The Thomas E. Proctor Heirs** | : | **(JUDGE MALACHY E. MANNION)** |
| **Trust, and BANK OF AMERICA,** | : | |
| **N.A, and JOHN J. SLOCUM, JR.** | : | |
| **As Trustees for The Margaret O.F.** | : | **JURY TRIAL DEMANDED** |
| **Proctor Trust,** | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | **Electronically Filed** |
| | : | |
| **ANADARKO E&P ONSHORE** | : | |
| **LLC, WALLIS RUN HUNTING** | : | |
| **CLUB, INC., WALLIS RUN GAS** | : | |
| **AND OIL, INC.** | : | |
| **Defendants.** | : | |

# DEFENDANTS WALLIS RUN HUNTING CLUB, INC.'S AND WALLIS RUN GAS AND OIL, INC.'S, PRETRIAL MEMORANDUM

Date conference was held by counsel: **April 24, 2019**

A. A brief statement as to federal court jurisdiction.

This Court has jurisdiction over this claim based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

B. A summary statement of facts and contentions as to liability.

Plaintiffs contend they have an ownership interest in approximately One hundred six (106) acres of subsurface property owned by Defendants Wallis Run Hunting Club and Wallis Run Gas and Oil, Inc. (collectively "Wallis Run"). Defendant Anadarko E&P Onshore ("Anadarko") asserts an interest in this property pursuant to an oil and gas lease between Defendant Anadarko and Wallis Run. Plaintiffs filed a Complaint on June 17, 2016 seeking to quiet title to the

disputed property against all Defendants. Plaintiff also seeks claims against all Defendants for conversion, unjust enrichment, and declaratory judgment. Plaintiff filed trespass and ejectment claims against Defendant Anadarko. Plaintiff seeks to have this Court declare that they are the rightful owners of the subsurface estate of the One hundred six (106) acres. Plaintiff also seeks compensatory and punitive damages as result of production of gas from the one hundred six (106) acres.

Wallis Run contends they are the rightful owners of the subsurface estate now being claimed for the first time by Plaintiffs. Wallis Run specifically denies that Plaintiffs have an ownership interest in the One Hundred Six (106) acres. Wallis Run contends that the common grantor of the John Brown Warrant intended to convey One hundred (100) acres to John Meyer in 1857, and Two Hundred Twelve (212) acres to Conrad Whitaker. Defendant Wallis Run also seeks an action to quiet title and declaratory judgment in their favor.

Anadarko contends they have an interest in the disputed property pursuant to an oil and gas lease between Anadarko and Wallis Run. Anadarko specifically denies that Plaintiffs have an ownership interest in the One Hundred Six (106) acres. Anadarko also contends that the common grantor of the John Brown Warrant intended to convey One hundred (100) acres to John Meyer in 1857, and Two Hundred Twelve (212) acres to Conrad Whitaker. Defendant Anadarko also seeks an action to quiet title and declaratory judgment in their favor.

C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

## DEFENDANTS WALLIS RUN HUNTING CLUB, INC.'S AND WALLIS RUN GAS AND OIL, INC.'S STATEMENT OF UNDISPUTED FACTS

1. The property at issue in this case (the "Disputed Property") is subsurface property which was part of the John Brown Warrant, and is located in Cascade Township, Lycoming County.

2. Plaintiffs contend that the Disputed Property contains 206 acres, and Defendants contend that the Disputed Property contains 100 acres.

3. The original patent for the John Brown Warrant described it as containing 407 3/4 called acres.

4. In a 1792 survey, the John Brown Warrant is depicted as a rectangle whose eastern and western boundaries run north and south for a distance of 186 perches each, and whose northern and southern boundaries run east and west for a distance of 372 perches each.

5. The metes and bounds description of the John Brown Warrant, when plotted, described a tract containing 432.45 acres.

6. Prior to March 30, 1857, John McCawley had title to the surface and subsurface estate of the entire John Brown Warrant.

7. On March 30, 1857, John McCawley and his wife Elizabeth conveyed the surface and subsurface estate of the Disputed Property to John Meyer in a deed recorded on May 15, 1857 in Lycoming County Deed Book 38, page 295 (the "Meyer Deed").

8. The Meyer Deed included the following description of the property it conveyed, the Disputed Property at issue here:

*All that certain tract or messuage of land containing one hundred acres and allowance of six per cent for roads &c Situate in Cascade Township Lycoming County Penna bounded and described as follows Beginning at a Beech original north East corner of tract in the warrantee name of John Brown then South one hundred and ninety to Beech original South East corner of said tract then west one hundred and seventy three and one half perches to a post then north one hundred and ninety to a post, then east one hundred and seventy three and one half perches to the Beech the place of Beginning.*

9. The Meyer Deed contained a numerical acreage call of 100 acres. The metes and bounds description in the Meyer Deed describes a tract containing 206 acres when plotted.

10. On March 30, 1857, John McCawley conveyed a part of the John Brown Warrant to Conrad Whitaker in a deed recorded on May 20, 1857 in Lycoming County Deed Book 38, page 301 (the "Whitaker Deed").

11. The Whitaker Deed provides the following description of the tract it conveyed:

*All that certain messuage tenement or tract of unseated land Situate in Cascade Township Lycoming County Pennsylvania and bounded and described as follows. Beginning at a post thence West three hundred and forty seven perches to a post; thence North along other land of said John McCawley one hundred and ninety perches to a post; thence East along South line of Warrantee Alexander Wilcox three hundred and forty seven perches to a post; thence South along land of __________ one hundred and ninety perches to a post the place of Beginning containing two hundred and twelve acres Strict Measure the Same being a Middle Portion of tract surveyed in the Warrantee name of John Brown....*

12. The Whitaker Deed contains a numerical acreage call of 212 acres. The metes and bounds description within the Whitaker Deed, when plotted, describes a tract containing 412 acres.

13. On October 1, 1857, John McCawley conveyed a part of the John Brown Warrant to F.W. Meier in a deed recorded on January 22, 1858 in Lycoming County Deed Book 38, page 776 (the "F.W. Meier Deed").

14. The F.W. Meier Deed provides the following description of the tract it conveyed:

*All that certain messuage or tract of unseated land Situate in the Township of Cascade in the County of Lycoming and State of Penna aforesaid bounded and described as follows: Beginning at a Hemlock original corner of tract John Brown and John Barry; thence North one hundred and eighty six perches to a Linn Stump an original corner of tracts John Brown and Alexander Wilcox; thence East along a line of last named tract ninety seven and a half perches to a post corner of land lately conveyed by said John McCawley and wife to Conrad M. Whitaker; thence South by lands now or late of said Whitaker one hundred and eighty six perches to a post ; thence West ninety seven and a half perches to Hemlock the place of Beginning containing one hundred and seven and a half acres (more or less) and allowance of six percent for roads & the said lot hereby conveyed being taken off of the West End of said tract warranted in the name of John Brown and conveyed to the said McCawley and his wife by Edward R. Mayer and his wife.*

15. The Meier Deed contains a numerical acreage call of 107.5 acres. The metes and bounds description within the Meier deed, when plotted, describes a tract containing 113 acres.

16. The numerical stated acreage calls within the Meyer, Whitaker and Meier Deeds, when added together, total 419.5 acres.

17. The Meyer and Whitaker deeds stated numerical acreage calls are less than the acreage yielded by the plotting of their metes and bounds descriptions.

18. On May 13, 1871, John F. Meyer and his wife Mary M. Meyer conveyed the surface and subsurface of the Subject Property to Thomas E. Proctor in a deed recorded in Lycoming County Deed Book 64, page 413 (the "Proctor Deed").

19. The Proctor Deed provides the following description of the tract it conveyed:

[A]*ll that certain piece parcel or tract of land situate lying and being in the Township of Cascade in the County of Lycoming and state of Pennsylvania bounded and described as follows, to wit, Beginning at a Beech original north East corner of tract in the warrantee name of John Brown. Thence south one hundred and ninety perches to Beech original south East corner of said tract. Thence west one hundred and seventy three and one half perches to a post thence north one hundred and ninety perches to post Thence east one hundred and seventy three and one half perches to Beech the place of Beginning containing one hundred acres and allowance of six percent be the same more or less.*

20. On October 2, 1894, Thomas E. Proctor and his wife Emma H. Proctor subsequently conveyed title to the surface of the Subject Property, among other properties, to Elk Tanning Company in a Warranty Deed recorded at Lycoming County Deed Book 144, Page 398 (the "Elk Tanning Deed").

21. The Elk Tanning Deed provides, as material here, the following description of one of the tracts it conveyed:

*All that certain piece, parcel or tract of land situate, lying and being in the Township of Cascade in the County of Lycoming and State of Pennsylvania bound and described as follows, to wit: Beginning at a Beech original north East*

*corner of tract in the warrantee name of John Brown: thence south one hundred and ninety perches to Beech original south east corner of said tract: thence west one hundred and seventy three and one half perches to a post: thence north one hundred and ninety perches to post: thence east one hundred and seventy three and one half perches to Beech the place of beginning containing one hundred acres and allowance of six percent be the same more or less.*

22. The Elk Tanning Deed excepted and reserved to Thomas E. Proctor, his heirs and assigns "all the natural gas, coal, coal-oil, petroleum, marble and all minerals of every kind and character...."

23. The Wallis Run Defendants have acquired the property described in the Whitaker Deed and F.W. Meier Deed.

24. Anadarko and its successor, Alta Marcellus Development, LLC succeeded to an interest in the property conveyed by the Whitaker and Meier deeds, and claim an interest in the Disputed Property pursuant to an oil and gas lease with Wallis Run Gas and Oil, Inc.

25. Until an effective date of June 1, 2016, Anadarko has produced natural gas on the Disputed Property.

26. As of June 1, 2016, Alta Marcellus Development, LLC has been producing natural gas on the Disputed Property.

D. A brief description of damages:

Plaintiffs, Proctor Trust, request entry of judgment declaring that they are the rightful owners of the subsurface estate to the One Hundred Six (106) acres. Plaintiffs seek compensatory and punitive damages pursuant to the production of gas from the One Hundred Six (106) acres. Plaintiffs also seek prejudgment interest and costs and any other relief the Court deems just and equitable under the circumstances.

Defendants, Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc., request entry of judgment in their favor on the Defendants' Counterclaims, dismissal of the Plaintiffs' Complaint with prejudice, reimbursement of their

attorneys' fees and costs, and such other and further relief as this Court deems just, equitable and proper.

Defendant Anadarko requests entry of judgment in their favor on the Defendant's Counterclaims, and award of reasonable attorney fees, costs of this suit, together with such other relief as the Court deems just and appropriate. Defendant Anadarko further seeks an order declaring that Anadarko possesses a legally valid and enforceable ownership interest in the subsurface estate associated with the property pursuant to the lease between Wallis Run and Anadarko.

(1) Principal injuries sustained:

Plaintiffs request compensatory and punitive damages pursuant to the production of gas from the One Hundred Six (106) acres.

E. Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

Patricia A. Walls, Abstractor
8259 Route 119
Punxsutawney, PA 15767-4347

Brady B. Golder, Club Witness
630 Penn Street
Milton, PA 17847

Thomas J. Parker, Club Witness
662 Peach Orchard Road
Muncy, PA 17756

William A. Mericle, Club Witness
P.O. Box 272
3815 Musser Lane
Muncy, PA 17756

Fred Holland, Esq. Expert Witness
442 Williams Street
Williamsport, PA 17701

F. Summary of testimony of each expert witness.

1. **Patricia A. Walls, Abstractor** – If necessary, Ms. Walls will testify that John McCawley was the owner of the entire John Brown Warrant in 1857. John McCawley conveyed the entirety of the John Brown Warrant in three separate deeds, all in 1857. Thus, there are three (3) chains of title that all trace back to John McCawley as the common grantor. Plaintiff's ownership interest in the subsurface estate is derived from the March 30, 1857 Deed between John McCawley and John Meyer, DB 38/295. Wallis Run's property interest is derived from the March 30, 1857 Deed between John McCawley and Conrad Whitaker, DB 38/301. Wallis Run also has property interest derived from the October 1, 1857 Deed between John McCawley and F.W. Meier, DB 38/776. All subsequent property transfers of the parcel conveyed by John McCawley to John Meyer in 1857 all reflect this parcel as being 100 acres.

2. **Fred Holland, Esq.-** Mr. Holland will testify that the current ownership of both the surface and subsurface rights related to tax parcels 06-212-101 and 06212-100 require analysis of three (3) deeds that were executed by John McCawley in 1857. An ambiguity exists in the March 30, 1857 Deed between John McCawley and John Meyer, DB 38/295, Plaintiffs' source deed. An ambiguity also exists in the 1857 Deed between John McCawley and Conrad Whitaker, DB 38/301, a source deed for Defendants. The distances described in the meets and bonds descriptions of the two deeds executed by John McCawley, on the same day in 1857, equal 618.09 acres. This number is far greater than the number of acres in the entire John Brown Warrant. Thus, the intent of John McCawley was to convey the stated number of acres in the two deeds conveyed on the same day in 1857. Based on this evidence and other evidence existing in the public record, the deeds upon which the Proctor Trusts rely conveyed only One Hundred (100) acres of the easternmost part of the John Brown Warrant. Wallis Run has superior title to the gas and oil rights beneath Lycoming County Tax Parcel No. 06-212-101.

G. Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

None.

H. A summary of legal issues involved and legal authorities relied upon.

The legal issue involved is deed interpretation and the intent of the grantor at the time of conveyance. Wallis Run relies upon similar Pennsylvania cases involving deed interpretation, including Pencil v. Buchart, 380 Pa. Super. 205, 551 A.2.d 302 (1998).

I. Stipulations desired.

Wallis Run desires the parties stipulate to title abstracts performed by each of the named parties.

J. Estimated number of trial days.

Two to three days

K. Any other matter pertinent to the case to be tried.

The issue of title washing in Plaintiff's chain of title has not been fully resolved. This issue affects the property interest being asserted by Plaintiffs.

L. Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

M. Append any special verdict questions which counsel desires to submit.

None.

N. Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to

eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

Not applicable.

P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.

Respectfully submitted,

McNERNEY, PAGE, VANDERLIN & HALL

By: /s/ Daryl A. Yount
Thomas C. Marshall, Esquire
I.D. No. 59326
Daryl A. Yount, Esquire
I.D. No. 32543
Attorneys for Defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.
433 Market Street
Williamsport, PA 17701
Telephone: 570-326-6555
Email: tmarshall@mpvhlaw.com
dyount@mpvhlaw.com

Dated: May 1, 2019

701636

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,** | : | **CASE NO. 3:16-CV-01182** |
| **Plaintiffs,** | : | **(JUDGE MALACHY E. MANNION)** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.** | : | |
| **Defendants.** | : | |

## DEFENDANTS WALLIS RUN HUNTING CLUB, INC.'S AND WALLIS RUN GAS AND OIL, INC.'S TRIAL EXHIBIT LIST

| PTF | DFT | Exhibit No. | Document no. | Description | Identified | Evidence | Ruling | Witness on Stand |
|---|---|---|---|---|---|---|---|---|
| | | 1 | Doc. 39 | Wallis Run - Expert Report of Fred A. Holland, Esquire | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 2 | Doc. 39-1 | Exhibits to Expert Report of Fred A. Holland, Esquire | | | | |
| | | 3 | 9/17/17 | Anadarko – Expert Report of William Hoffmeyer, Esquire | | | | |
| | | 4 | 11/16/17 | Supplemental Expert Report of Bruce F. Rudoy, Esquire | | | | |
| | | 5 | Doc. 47 | Proctor Trust - Expert Report of Andrew J. Grafton | | | | |
| | | 6 | | John Brown Warrant 10/17/1792 deed plot | | | | |
| | | 7 | | 1957 McCawley Deed Plots reflecting stated number of acres | | | | |
| | | 8 | | 1957 McCawley Deed Plots reflecting narrative description of acres | | | | |
| | | 9 | | Deed from McCawley to Meyer DB 38 PG 295 | | | | |
| | | 10 | | McCawley to Meyer DB 38 PG 295 narrative description | | | | |
| | | 11 | | Deed from McCawley to Whitaker DB 38 PG 301 | | | | |
| | | 12 | | McCawley to Whitaker DB 38 PG | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | 301 narrative description | | | | |
| | | 13 | | Deed from McCawley to Meier DB 38 PG 776 | | | | |
| | | 14 | | McCawley to Meier DB 38 PG 776 narrative description | | | | |
| | | 15 | | Deed from John F. Meyer to Thomas E. Proctor DB64 PG413 | | | | |
| | | 16 | | Meyer to Proctor narrative description | | | | |
| | | 17 | | Deed from Thomas E. Proctor to Elk Tanning Company DB144 PG398 | | | | |
| | | 18 | | Proctor to Elk Tanning Company narrative description | | | | |
| | | 19 | | Deed from Elk Tanning Company to Central Pennsylvania Lumber DB183 PG328 | | | | |
| | | 20 | | Elk Tanning Company to Central Pennsylvania Lumber narrative description | | | | |
| | | 21 | | Deed from Central Pennsylvania Lumber to M.T. Milnor DB227 PG399 | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 22 | | Central Pennsylvania Lumber to M.T. Milnor narrative description | | | | |
| | | 23 | | Deed from Mary J. Hill, Treasurer of Lycoming Co to C. Thomas McClarin DB399 PG266 | | | | |
| | | 24 | | Mary J. Hill to Thomas McClarin narrative description | | | | |
| | | 25 | | Deed from Donald S. McClarin and Caroline B. McClarin to Conrad Wettlaufer and Hazel A. Wettlaufer DB 412 PG54 | | | | |
| | | 26 | | McClarin to Wettlaufer narrative description | | | | |
| | | 27 | | Paul D. Bailey, Treasurer of the County of Lycoming to Hazel A. Wettlaufer DB411 PG572 | | | | |
| | | 28 | | Paul D. Bailey to Hazel A. Wettlaufer narrative description | | | | |
| | | 29 | | Deed from Joseph C. Wettlaufer to Dwight | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Lewis Lumber Co., Inc. DB1184 PG3452 | | | | |
| | | 30 | | Wettlauger to Dwight Lewis Lumber Co., Inc. narrative description | | | | |
| | | 31 | Doc. 84 | Wallis Run – title abstract summary | | | | |
| | | 32 | Doc. 49 | Wallis Run – title abstract eastern parcel, tax parcel 06-212-100 | | | | |
| | | 33 | Doc. 51 | Wallis Run – title abstract middle parcel, tax parcel 06-212-101 | | | | |
| | | 34 | Doc. 76 | Wallis Run – title abstract western parcel, tax parcel | | | | |
| | | 35 | Doc. 56 | Proctor Trust Statement of Undisputed Material Facts In Support of Plaintiff's Motion For Partial Summary Judgment | | | | |
| | | 36 | Doc.1 | Proctor Trust Complaint filed 6/17/16 | | | | |
| | | 37 | Doc. 17 | Defendant's Wallis Run Hunting Club, Inc.'s and Wallis Run Gas and Oil, Inc.s' | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Answer to Plaintiff's Complaint With Affirmative Defenses and Counterclaim. | | | | |
| | | 38 | Doc. 21 | Answer to Defendants Wallis Run Hunting Club, Inc.'s And Wallis Run Gas And Oil Inc.'s Counterclaim | | | | |
| | | 39 | Doc. 22 | Answer, Affirmative Defenses and Counterclaims of Defendant Anadarko E&P Onshore LLC. To Plaintiff's Complaint | | | | |
| | | 40 | Doc. 25 | Proctor Trust Answer to Defendant Anadarko E&P Onshore LLC'S Counterclaim | | | | |
| | | | | | | | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A, and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,** | : | **CASE NO. 3:16-CV-01182** |
| | : | **(JUDGE MALACHY E. MANNION)** |
| | : | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | : | |
| **vs.** | : | **Electronically Filed** |
| **ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.** | : | |
| **Defendants.** | : | |

**STATEMENT PURSUANT TO LOCAL RULE 16.2**

I hereby certify that Brady B. Golder, President of Wallis Run Hunting Club, Inc., has been notified of the requirements of and possible sanctions under Local Rule 16.2.

McNERNEY, PAGE, VANDERLIN & HALL

By: /s/ Daryl A. Yout, Esquire
Thomas C. Marshall, Esquire
I.D. No. 59326
Daryl A. Yount, Esquire
I.D. No. 32543
Attorneys for Defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.
433 Market Street

Williamsport, PA 17701
Telephone: 570-326-6555
Email: tmarshall@mpvhlaw.com
dyount@mpvhlaw.com

Dated: May 1, 2019

702230

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,** | : | **CASE NO. 3:16-CV-01182** |
| **Plaintiffs,** | : | **(JUDGE MALACHY E. MANNION)** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF COMPLIANCE**

I, Daryl A. Yount, Esquire, certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

McNERNEY, PAGE, VANDERLIN & HALL

By: /s/ Daryl A. Yount
Thomas C. Marshall, Esquire
I.D. No. 59326

702230

Daryl A. Yount, Esquire
I.D. No. 32543
Attorneys for Defendants Wallis Run
Hunting Club, Inc. and Wallis Run
Gas and Oil, Inc.
433 Market Street
Williamsport, PA 17701
Telephone: 570-326-6555
Email: tmarshall@mpvhlaw.com
dyount@mpvhlaw.com

Dated: May 1, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A, and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,** | : | **CASE NO. 3:16-CV-01182** |
| **Plaintiffs,** | : | **(JUDGE MALACHY E. MANNION)** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.** | : | **Electronically Filed** |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Daryl A. Yount, Esquire, hereby certify that on this 1st day of May, 2019, a true and correct copy of Defendants Wallis Run Hunting Club, Inc.'s and Wallis Run Gas and Oil, Inc.'s Pretrial Memorandum was served as described below:

**By Electronic Mailing:**

Laura A. Lange, Esquire
McGuire Woods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA 15222
llange@mcguirewoods.com
*Attorneys for Plaintiffs*

Paul K. Stockman, Esquire
Kazamarek, Mowery, Cloud, Laseter, LLP
One PPG Place, Suite 3100
Pittsburgh, PA 15222

pstockman@kmcllaw.com
*Attorneys for Plaintiffs*

John A. Snyder, Esquire
Suzette V. Simms, Esquire
Chena L. Glenn-Hart, Esquire
McQuaide Blasko, Inc.
811 University Drive
State College, PA 16801
jasnyder@mqblaw.com
svsims@mqblaw.com
clglenn-hart@mqblaw.com
*Attorneys for Defendant Anadarko E&P Onshore, LLC*

McNERNEY, PAGE, VANDERLIN & HALL

By: /s/ Daryl A. Yount, Esquire
Thomas C. Marshall, Esquire
I.D. No. 59326
Daryl A. Yount, Esquire
I.D. No. 32543
Attorneys for Defendants Wallis Run Hunting Club, Inc. and Wallis Run Gas and Oil, Inc.
433 Market Street
Williamsport, PA 17701
Telephone: 570-326-6555
Email: tmarshall@mpvhlaw.com
dyount@mpvhlaw.com