**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, and BANK OF AMERICA, N.A., and JOHN J. SLOCUM, JR. As Trustees for The Margaret O.F. Proctor Trust,** | : | **CASE NO. 3:16-CV-01182** |
| **Plaintiffs,** | : | **(JUDGE MALACHY E. MANNION)** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **ANADARKO E&P ONSHORE LLC, WALLIS RUN HUNTING CLUB, INC., WALLIS RUN GAS AND OIL, INC.** | : | |
| **Defendants.** | : | |

**STIPULATED JUDGMENT**

And now, it is stipulated by and between the undersigned parties that a settlement of their disputed claims has been reached between Charles Rice Kendall and Ann P. Hochberg, as Trustees for The Proctor Heirs Trust, and Bank of America, N.A., and John Trevor as Trustees for The Margaret O.F. Proctor Trust (collectively referred to as "Proctor"), and Anadarko E&P Onshore LLC and Alta Marcellus Development LLC (collectively referred to as "Alta") and Wallis Run Hunting Club, Inc. and

Wallis Run Gas and Oil, Inc. (collectively referred to as "Wallis Run"). Proctor, Alta and Wallis Run are collectively referred to as the "Parties".

1. The Parties agree the Court has jurisdiction to enforce the Settlement Agreement and Mutual Release (hereinafter the "Release") executed by the Parties and filed under seal.

2. The Parties agree that Wallis Run is the owner of the surface and subsurface property of tax parcel 06-212-101 and 06-192-102 (the "Tax Parcels") as described in the Release.

3. The Parties agree that Proctor has no ownership interest in the surface and subsurface of the Tax Parcels.

4. Charles Rice Kendall and Ann P. Hochberg, as trustees for The Thomas E. Proctor Heirs Trust, have the power and authority to expressly sell, grant and convert interest in and compromise claims related to the trust property.

5. Bank of America, N.A. and John Trevor, as trustees of The Margaret O.F. Proctor Trust, have the power and authority to expressly sell, grant and convert interests in and compromise claims related to property held by such Trust.

6. The Trustees have the authority to bind the Trusts.

7. Pursuant to 28 U.S.C.S. §2201(a), The Parties agree this Court has jurisdiction to declare that Proctor has no right, title and interest in and to tax parcel 06-192-102.

8. The Parties agree that the 2013 Michael Maneval survey, attached as an exhibit to the Release, describes the correct boundary line locations of the Tax Parcels.

9. The Parties agree that the boundary line locations of the Tax Parcels, as shown in the 2013 Michael Maneval survey, apply to both surface and subsurface property interests.

10. The Parties agree that the Release fully and finally resolves any and all claims the Parties have made, or could have made, in the above-entitled action.

11. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Parties have executed a Stipulation Of Dismissal With Prejudice, attached hereto as Exhibit "1".

12. The aforementioned Trustees agree to indemnify, defend and hold Wallis Run and Alta harmless for any and all claims made by the beneficiaries,

heirs and assigns of Proctor against Wallis Run and Alta concerning ownership of the Tax Parcels.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1) The aforementioned recitals are incorporated into this Order.

2) The Court shall retain jurisdiction to enforce the Release.

3) The Parties shall comply with all terms and provisions set forth in the Release as though the same were in full force and effect as an Order of the Court.

4) The Thomas E. Proctor Heirs Trust and The Margaret O.F. Proctor Trust have no right, title and interest in and to the Alexander Wilcox Warrant, tax parcel no. 06-192-102, Lycoming County, Pennsylvania.

5) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the above-entitled action is dismissed, with prejudice.

6) The Prothonotary of the United States District Court For The Middle District Of Pennsylvania is directed to mark this case settled and discontinued.

Dated: 11/14/19

____________________ J.

c: all counsel

Respectfully submitted,

In agreement with entry of the above Order:

Laura A. Lange, Esquire
Attorney for Plaintiffs

McQuaide Blasko, Inc.
By: John A. Snyder, Esquire
Attorney for Defendant
Anadarko E&P Onshore, LLC
and its successor in interest,
Alta Marcellus Development, LLC

McNerney, Page, Vanderlin & Hall
By: Daryl A. Yount, Esquire
Attorney for Defendants
Wallis Run Hunting Club, Inc.
Wallis Run Gas and Oil, Inc.

In agreement with entry of the above Order:

______________________
Laura A. Lange, Esquire
Attorney for Plaintiffs

______________________
McQuaide Blasko, Inc.
By: John A. Snyder, Esquire
Attorney for Defendant
Anadarko E&P Onshore, LLC
and its successor in interest,
Alta Marcellus Development, LLC

______________________
McNerney, Page, Vanderlin & Hall
By: Daryl A. Yount, Esquire
Attorney for Defendants
Wallis Run Hunting Club, Inc.
Wallis Run Gas and Oil, Inc.

In agreement with entry of the above Order:

____________________________
Laura A. Lange, Esquire
Attorney for Plaintiffs

____________________________
McQuaide Blasko, Inc.
By: John A. Snyder, Esquire
Attorney for Defendant
Anadarko E&P Onshore, LLC

____________________________, Esq.
McNerney, Page, Vanderlin & Hall
By: Daryl A. Yount, Esquire
Attorney for Defendants
Wallis Run Hunting Club, Inc.
Wallis Run Gas and Oil, Inc.

Exhibit "C"